## CLARISSA MINER

### *v.*

## ABRAHAM HESS.

1. MISTAKE—*in instruments of writing.* The rule is well established in all cases, that where a writing is sought to be reformed, the evidence of the mistake shall be clear and satisfactory, leaving but little, if any, doubt of the mistake.

WRIT OF ERROR to the Circuit Court of McDonough county; the Hon. CHAUNCEY L. HIGBEE, Judge, presiding.

The opinion states the case.

Mr. JOHN S. BAILEY, for the plaintiff in error.

Mr. J. C. THOMPSON, for the defendant in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was a bill in chancery, instituted in the McDonough Circuit Court by Abraham Hess against Clarissa Miner, to correct a mistake in the description of a lot of land in the town of Bushnell, leased by the defendant to the complainant for three years, at the yearly rent of one hundred and twenty-five dollars. The lease bears date December 13, 1861, and describes the premises as follows: " Twenty-four feet of the south half of lot 4, block 33, Bushnell, Illinois."

It is claimed in the bill of complainant that the premises should have been described as, " Twenty-four feet off of the south side of lot 4, in block 33."

The defendant, in his answer, does not deny that the twenty-four feet was to be off the south side of the lot, but claims that she leased to complainant only the one undivided half of the premises, and insists that they should have been described in the lease as the undivided half of twenty-four feet on the south side of the lot.

The premises were used by complainant as a hardware store.

Much testimony was heard on behalf of the claim of appellant, as to the mistake alleged by her. There is no question, from the testimony on both sides, that the premises were twenty-four feet off the south side of the lot in question.

As to the other mistake, the evidence is conflicting. It is a well established rule in all cases, when a writing is sought to be reformed, that the evidence of the mistake shall be clear and satisfactory, leaving but little, if any, doubt of the mistake.

We are by no means satisfied that the testimony establishes the mistake. The written lease is clear and explicit, that the whole of the premises were leased to complainant; that he went into possession of them, paying the stipulated rent for three years without dispute, and it is not at all clear from the testimony, that the rent he agreed to pay was not about the true yearly value of the whole of the premises.

Under such circumstances we would not be justified in holding, against the solemn act of these parties under their hands and seals, and the testimony going to sustain it, that but one half of the premises were in fact leased or intended to be leased. Besides, as the record stands, we could not, under the long established rules of practice in such cases, grant the relief asked by appellant, as her claim rests alone upon her answer, which she had not made a cross-bill.

We can perceive no error in the refusal of the court to dismiss the bill, and in refusing to change the terms of the lease from the whole to an undivided half of the premises, and must affirm the decree correcting the mistake as to the location of the twenty-four feet.

*Decree affirmed.*