WILLIS S. PAINE, Receiver, etc., Respondent, v. J. WYMAN JONES et al.

The mistake which will warrant a court of equity in reforming a written contract must be one made by both parties to the agreement, so that the intention of neither is expressed therein; or it must be the mistake of one party and fraud in the other in taking advantage of it, and thus obtaining a contract with the knowledge that the party dealing with him is in error in regard to its terms.

Where it appears that the contract, as executed, is just the one, one of the parties intended to make and the one he understood the other intended to make the court has no power to reform it.

(Argued October 3, 1878; decided November 12, 1878.)

THIS was an action to foreclose a mortgage. The mortgage with the bond accompanying were assigned to the bank, of which plaintiff was receiver, by defendant Wright. In the assignment was contained a covenant on the part of the assignor guaranteeing the payment of the bond and mortgage. Judgment was asked and rendered against Wright for any deficiency. He defended upon the ground that said covenant was put into the assignment by mistake, without any previous agreement to that effect between the parties, and that there was no intent to make it. He asked to have the assignment reformed by striking out the guaranty. The court reiterated the principles above stated, and *held*, that the evidence authorized the finding of the trial court that the assignee of said defendant, without fraud, obtained just the contract which it, from the first, intended to ask and have, and which it demanded, and that, therefore, defendant failed to show fraud or mistake authorizing the reformation of the contract.

*Samuel Jones* for appellant.

*Rastus S. Ransom* for respondent.

FOLGER, J., reads for affirmance.
All concur, except MILLER and EARL, JJ., absent.
Judgment affirmed.