DANIEL W. FESSENDEN, assignee,

*vs.*

BENJAMIN B. OCKINGTON and another.

Cumberland.   Opinion August 2, 1882.

*Equity.   Contracts, reforming of.   Evidence.*

To enable a court of equity to reform a contract on the ground of fraud or mistake, there must be full proof of the fraud or mistake.   Relief will not be granted where the evidence is loose, equivocal or contradictory, or in its texture open to doubt or opposing presumptions.

BILL IN EQUITY.

Heard on bill, answer and proof.

This bill is brought by the assignee in bankruptcy of Thomas K. Law to reform three contracts made by the bankrupt with the defendants, in which they conveyed to him certain interests in letters patent for improvement in machinery for making clothes pins.   One of the conditions of each of the contracts was as follows:

"But this sale is made by the party of the first part to the party of the second part, upon the express condition that the party of the second part shall pay to the party of the first part certain two promissory notes,   .   .   .   and if there shall be default in either or any of the payments, then this deed is to be and become void and of no effect to convey said patent rights and the party of the second part shall forfeit the money already paid at any stage when said default is made."

And the bill asked to have the following words inserted in each contract:

"It is further stipulated and agreed, by and between the parties hereto, that in case of any such default of payment as hereinbefore mentioned, that whatever notes given under this

contract shall remain unpaid at the date of such default, shall, in consideration of the forfeiture hereinbefore named, be and become null and void."

*Charles P. Mattocks*, for the plaintiff, cited: 1 Story's Eq. Jur. par. 138; *Hunt* v. *Rousmanier*, 8 Wheat. 211, S. C. 1 Pet. 1; *Jordan* v. *Stevens*, 51 Maine, 78; *Caned* v. *Marcy*, 13 Gray, 377; 3 Pars. Contr. 389; Met. Contr. 219; *Irving* v. *Thomas*, 18 Maine, 418; *Tilton* v. *Tilton*, 9 N. H. 385; *Bollinger* v. *Eckert*, 16 Serg. and R. 424; *Bellows* v. *Stone*, 14 N. H. 175; *Hyde* v. *Tanner*, 1 Barb. 75; *Webster* v. *Harris*, 16 Ohio, 490.

*Drummond and Drummond*, for the defendants.

SYMONDS, J.   This is a bill in equity to reform three contracts, similar in terms and relating to the sale by the defendants to the bankrupt of certain interests in a patent right.   In the respect to which the controversy relates, the contracts as drawn have a substantially similar legal effect, not very different from that of mortgages.   Part of the purchase money was paid on delivery of the contracts, and negotiable notes were given for the balance. If the notes were not paid, the contracts were to be of no effect to convey the patent right and the bankrupt was to forfeit the money which had been paid.   In *Ockington* v. *Law*, 66 Maine, 551, it was held also that according to the legal construction of these contracts, the present defendants had the option to waive the forfeiture, confirm the sale and collect the notes.   This they have done.

The claim now is that in this last respect the contracts are not according to the intention and oral agreement of the parties; that it was expressly agreed when the papers were drawn that on default by Law in the payment of the notes, the forfeiture of his interests in the patent and of the payments which had then been made should release him from further liability; and that the omission of this stipulation from the written contracts was by mutual mistake, or by mistake on the part of Law and by fraud on the part of defendants.

The question, therefore, is whether the evidence in the case shows such a state of facts as will enable the court in equity to vary and reform the written contracts on the ground of fraud or mistake; and in this respect the clearness and strength of testimony required to justify such a decree are important to be considered.

"Mistake is a proper subject of relief only when it constitutes a material ingredient in the contract of the parties, and disappoints their intention by a mutual error; or where it is inconsistent with good faith and proceeds from a violation of the obligations which are imposed by law on the conscience of either party.

"In all such cases, if the mistake is clearly made out by proofs entirely satisfactory, equity will reform the contract, so as to make it conformable to the precise intent of the parties."

But this requirement of full proof is constantly insisted upon as the only ground on which the court can proceed to grant relief by reforming written instruments. It is variously stated, as that measure of proof which is equivalent to an admission, such as "to satisfy the mind of the court," "to leave little if any doubt," to establish the fact "beyond fair and reasonable controversy," "to strike all minds alike as being unquestionable and free from reasonable doubt." "The distinction is much the same as that which exists between civil and criminal cases; or that distinction which is expressed by a fair preponderance of evidence and full proof." Story's Eq. Jur. § § 151, 157; *Tucker* v. *Madden*, 44 Maine, 206; *Coale* v. *Merryman*, 35 Md. 382; *Miner* v. *Hess*, 47 Ill. 170; *Tufts* v. *Larned*, 27 Iowa, 330; *Edmond's Appeal*, 59 Penn. St. 220; *Stockbridge Iron Co.* v. *Hudson Iron Co.* 107 Mass. 290; *Shattuck* v. *Gay and Kelsey*, 45 Vt. 87.

In *Stockbridge Iron Co.* v. *Hudson Iron Co. supra*, the instructions given to the jury who were to pass upon such an issue in chancery was, "that the ordinary rule of evidence in civil actions, that a fact must be proved by a preponderance of evidence, does not apply to such a case as this; that the proof that both parties intended to have the precise agreement between them inserted in the deed, and omitted to do so by mistake,

must be made beyond a reasonable doubt, and so as to overcome the strong presumption arising from their signatures and seals that the contrary was the fact; and that in this case proof beyond a reasonable doubt was such a degree of proof as the jury would act upon in the most important affairs of life, and would satisfy their judgments and consciences of the fact to be proved." This instruction was approved in the following language: "It has always been held in courts of chancery, that in order to reform a written contract and make it conform to a variant oral agreement, the proofs must be full, clear and decisive; free from doubt or uncertainty; such as entirely to satisfy the conscience of the chancellor. This well established and salutary principle constitutes the difficulty of submitting such cases to a jury; the office of whose verdict is to inform and satisfy the conscience of the court. A verdict rendered upon mere preponderance of evidence would not do this. In order that a verdict, in cases of this nature, may answer its legitimate purpose, we know no better or safer rule than that laid down at the trial." See also, 102 Mass. 45.

In this case the weight of evidence does not seem to us to be in favor of the plaintiff on the essential point in controversy; certainly not in such a degree as would justify a decree making the proposed change in the terms of the written instruments. The evidence is not conclusive or satisfactory. The bankrupt may have understood it as he now states, but that the defendants so intended or that there was any fraud on their part or undue advantage taken by them is not proved. Negotiable notes were given, containing no condition and without any restriction upon the negotiation of them. This fact alone is radically at variance with the plaintiff's theory, renders it at least very improbable that such was the understanding of the parties. ·The rule which forbids relief where "the evidence is loose, equivocal or contradictory, or it is in its texture open to doubt or to opposing presumptions," seems to us very clearly to apply to this case.

The argument for the defendants concedes that the title to the eight-tenths of the patent is in the assignee, and as there is a

prayer for general relief, and as the answer submits to the court one branch of the question of title as a matter of law, we think a decree to that effect may properly be entered, but without costs, as the defendants are not shown to have clouded or resisted the title.

*Decree accordingly.*

APPLETON, C. J., WALTON, DANFORTH and VIRGIN, JJ., concurred.