Dodson v. Lomax.

Dodson v. Lomȧx, *Appellant.*

Division Two, January 31, 1893.

1. **Equity:** MISTAKE IN SHERIFF'S DEED. A court of equity will correct a mistake in a sheriff's deed conveying to a purchaser more land than was sold under a mortgage to secure the payment of school money.

2. ——: ——: PARTY IN INTEREST. The sheriff in such case has an interest, both as an individual and as a trustee, and is a proper party to ask relief in a court of equity.

3. **Practice:** DEFECT OF PARTIES: DEMURRER: WAIVER. Where a defect of parties is apparent on the face of the petition, objection must be made by demurrer or it will be waived.

4. ——: DEMURRER. A demurrer to a petition admits all the facts pleaded.

*Appeal from Greene Circuit Court.*—Hon. W. D. Hubbard, Judge.

Affirmed.

*Wm. O. Mead* and *H. C. Young* for appellant.

(1) The sheriff is not the real party in interest. All parties in interest should have been joined. Mitford and Tyler's Pleading & Practice in Equity, pp. 16, 19, 20, 26, 36, 37, 256; 1 Daniels on Chancery Pleading and Practice [Perkins 2 Ed.] pp. 45, 249, 250, 253, 261, 273; *Haley v. Bagley,* 37 Mo. 363; *Siemers v. Kleeburg,* 56 Mo. 196; *Dunklin Co. v. Clark,* 51 Mo. 60; *Moore v. Munn,* 69 Ill. 591; *Pence v. Pence,* 13 N. J. Eq. 257; *Stone v. Hale,* 52 Am. Dec. 185. (2) In order to entitle the proper plaintiff to recover herein, the petition must allege a mutual mistake between the parties to the deed. A mistake on the part of the

plaintiff alone might be ground for rescinding the contract, but it can furnish no excuse for the court in decreeing its reformation. *Tesson v. Ins. Co.*, 40 Mo. 33; Story's Equity Jurisprudence [7 Ed.] secs. 155, 157; *Lyman v. Ins. Co.*, 17 Johns. 373; *Hearne v. Ins. Co.*, 20 Wall. (U. S.) 488; Adams Eq., 171, 411; *Bracking v. Straat*, 17 Mo. App. 296.    (3) The plaintiff's petition shows no ground for the interposition of a court of equity. The petition fails to show that any title to the property in controversy ever vested in A. M. Foster and wife, the grantors in the county school fund mortgage; hence, upon the record, no substantial rights are affected even though the mistake may have occurred.    Story's Equity Pleadings [9 Ed.] p. 255, and note 5; *Hiney v. Thomas*, 36 Mo. 377; 1 Stephens Pleadings, *304. The court committed error in granting the relief sought in this case.    Equity will not aid the defective execution of a statutory power. *Hall v. Klepsig*, 99 Mo. 83; *Wannell v. Kem*, 51 Mo. 150; *Allen v. Moss*, 27 Mo. 354; *Chauvin v. Wagner*, 18 Mo. 531; *Moreau v. Detchmendy*, 18 Mo. 522; *Hubble v. Vaughan*, 42 Mo. 138; *Abernathy v. Dennis*, 49 Mo. 471.

*H. E. Howell* for respondent.

(1) The objection of nonjoinder of parties plaintiff, not having been made by the demurrer, was waived, and will not be considered by this court.    Revised Statutes, 1889, secs. 2043, 2047; *Rogers v. Tucker*, 94 Mo. 346; *Pike v. Martindale*, 91 Mo. 268; *Turner v. Lord*, 92 Mo. 113; *Pres. Church v. Kellar*, 39 Mo. App. 441; *Anderson v. McPike*, 41 Mo. 328; *Young Men's Ass'n v. Dubach*, 82 Mo. 475; *Railroad v. Anthony*, 73 Mo. 431; *McClurg v. Phillips*, 49 Mo. 315. (2) The plaintiff is a party to the contract sought to be reformed—grantor in the deed—and as such has

a right to maintain the suit as the real party in interest. *Gardner v. Armstrong*, 31 Mo. 535; *Wallhormfechtel v. Dobyns*, 32 Mo. 310; *Taylor v. Steamboat*, 20 Mo. 254; *Kelley v. Thuey*, 102 Mo. 522; *Snider v. Express Co.*, 77 Mo. 523; *Bank v. Jennings*, 18 Mo. App. 651. (3) The plaintiff is the trustee of an express trust and as such has the right to maintain this suit. Revised Statutes, 1889, sec. 1991; *Snider v. Express Co.*, 77 Mo. 523; *Ellis v. Harrison*, 104 Mo. 270; *Rogers v. Gosnell*, 51 Mo. 466. (4) The plaintiff is injured by the mistake, as he is liable in damages to the owner of lot 13, and for that reason, also, is the real party in interest to maintain this suit. Bishop on Non-Contract Law, secs. 115, 773; *Lusk v. Brisco*, 65 Mo. 555; *State ex rel. v. Griffith*, 63 Mo. 545; *State to use v. Taylor*, 6 Mo. App. 277; *State ex rel. v. Davis*, 88 Mo. 585.

GANTT, P. J.—This is a suit in equity commenced by the plaintiff, who is sheriff of Greene county, to correct a mistake made by him in a deed to defendant. F. C. Foster and A. M. Foster borrowed certain school money from Greene county and executed an ordinary school mortgage to the county, conveying lots 13 and 14, in Foster's second addition to the city of Springfield.

Having made default, the county court duly made an order of sale. The plaintiff, as sheriff, received the order, gave the regular notice and, in full conformity therewith, sold lot 14 only, as that lot brought a sum sufficient to pay the whole debt, interest and costs. At this sale defendant Lomax was purchaser of lot 14. By mistake, the scrivener who drew the deed from plaintiff to defendant wrongfully inserted lot 13 also in the deed, and it was so recorded.

Having discovered the mistake, plaintiff requested and demanded of defendant a reconveyance of lot 13

to the mortgagors, in order to correct the deed; this, defendant refused, and plaintiff began this action, alleging all the foregoing facts.

The defendant demurred to the petition, and assigned these three grounds:

*First.* That the plaintiff's petition herein shows upon its face that he is not the real party in interest in this cause and has no capacity to sue.

*Second.* That plaintiff's amended petition does not state facts sufficient to constitute a cause of action.

*Third.* That plaintiff in his said amended petition pleads evidence instead of facts.

The trial court overruled the demurrer, and defendant refused to plead further.

The court heard the evidence, found the facts as alleged and rendered a decree reforming the sheriff's deed by striking out lot 13.

I. The first point in the demurrer denies the right of the sheriff to have a court of equity correct a mistake in his deed of conveyance.

We do not think there is any merit in this position. By the very terms of the mortgage the sheriff was made the trustee of an express trust. He is a party to the deed of trust or school mortgage. For the negligence, if any, in making this mistake, whereby the grantor in the mortgage might suffer the loss of the title to lot 13, he would become liable in damages on his bond or for negligence. From all these considerations we think he was most clearly a proper party plaintiff.

Having inadvertently and innocently made a mistake in his conveyance, he had a right to ask a court of equity to relieve him therefrom as an individual and as a trustee, and no good reason can be shown why he should not be allowed this privilege. He had a right to repudiate a conveyance that placed him in the false light of sacrificing the mortgagor's property.

He had an interest, both as an individual and a trustee, in preventing his mistake from working a wrong and injury to himself and the grantor in the mortgage. *Ellis v. Harrison*, 104 Mo. 270; *Snider v. Express Co.*, 77 Mo. 523; *Kelly v. Thuey*, 102 Mo. 522; Story's Equity Pleading [9 Ed.] secs. 136–140. The mistake of the sheriff on the one hand and the fraud of the defendant in taking advantage of it, furnish ample grounds for the interposition of a chancellor, and the courts of equity are not without power to right such a wrong. *Paine v. Jones*, 75 N. Y. 593; *Higgins v. Parsons*, 65 Cal. 280.

II. As to whether the grantors, Mrs. Foster and her husband, might not also have been joined as plaintiffs, is not before us. The defect, if any, in not joining them, was and is apparent on the face of the petition, and the objection of non-joinder in such a case must be made by demurrer, or it is waived. Revised Statutes, 1889, secs. 2043–2047; *Rogers v. Tucker*, 94 Mo. 346; *Pike v. Martindale*, 91 Mo. 268.

III. The demurrer confesses all the facts, and, by these admissions, it appears that the defendant is knowingly seeking to avail himself of a mistake of which the sheriff was ignorant, but of which defendant was cognizant, and thereby acquire title to a lot he neither bought nor paid for. There can be no sort of doubt the circuit court rendered the proper decree in the case, and its judgment is affirmed. SHERWOOD and BURGESS, JJ., concur.