THE CHRISTOPHER AND TENTH STREET RAILROAD COMPANY et al., Appellants, *v.* THE TWENTY-THIRD STREET RAILWAY COMPANY et al., Respondents.

1. WRITTEN INSTRUMENT — CONSTRUCTION. Where there is no room for doubt or question as to the meaning and intent of the language employed in a written instrument, the apparent meaning must be regarded as the intended one.

2. FINDINGS OF FACT IMPROPERLY DESIGNATED CONCLUSIONS OF LAW. If findings of fact are classified and improperly designated by the trial

judge as conclusions of law, they will nevertheless, for the purpose of upholding the judgment on appeal, be given the same effect as if they were embraced in and designated as findings of fact.

3. REFORMATION OF INSTRUMENT ON GROUND OF MISTAKE — EVIDENCE. In order to maintain an action for the reformation of a written instrument upon the ground of mistake, the plaintiff must show that there was a mutual mistake, so that the intention of neither party was expressed; and the fact that there was a mistake must be proved by evidence that is clear, positive and convincing.

4. TRIAL — REFUSAL OF APPLICATION TO AMEND COMPLAINT — WANT OF POWER. When the trial court refuses an application by the plaintiff for leave to amend the complaint, with the statement that it has no power on the trial to allow the amendment, a decision of the question whether or not such power existed is not called for on appeal, when it appears that the refusal was harmless and in no way affected any substantial right of the plaintiff.

5. ACTION FOR REFORMATION OF WRITTEN INSTRUMENT — REFUSAL OF APPLICATION TO AMEND COMPLAINT — HARMLESS RULING. A refusal, by the trial court, of an application to amend a complaint seeking the reformation of a written instrument on the ground of mutual mistake, by inserting an allegation to the effect that an alleged omission of material words from the instrument in question occurred through the plaintiff's mistake and the defendants' fraud, is harmless when the court finds that no omission had in fact occurred.

*C. & Tenth St. R. R. Co.* v. *Twenty-third St. R. Co.*, 78 Hun, 462, affirmed.

(Argued February 28, 1896; decided April 7, 1896.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made May 18, 1894, which affirmed a judgment in favor of defendants dismissing the complaint upon the merits, entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James C. Carter* for appellants. The court below had full power, and it was its duty to reform this lease, upon satisfactory proof that the clause in controversy, by reason of mutual mistake, or of mistake on one side and fraud upon the other, failed to express the mutual intention of the parties, or to carry out the previous mutual agreement. (*Haviland* v.

*Willets*, 141 N. Y. 35; *Kilmer* v. *Smith*, 77 N. Y. 226; *Bush* v. *Hicks*, 60 N. Y. 298; *Welles* v. *Yates*, 44 N. Y. 529; *Elliott* v. *Sackett*, 108 U. S. 132; *Walden* v. *Skinner*, 101 U. S. 585; *Pierce* v. *Brown*, 7 Wall. 217.) The finding of the court below, that the Christopher Street Company and the Twenty-third Street Company never agreed to any other contract than the one actually signed, and that they did both agree to that precise contract, is contrary to the undisputed evidence, and should, therefore, be overruled by this court as an error in law. (*Blackman* v. *Striker*, 142 N. Y. 555, 561; *Clark* v. *Devoe*, 124 N. Y. 120, 124; *McArthur* v. *Gordon*, 126 N. Y. 597, 609; *W. N. Y. L. Ins. Co.* v. *Clinton*, 66 N. Y. 326, 331; *Donaldson* v. *Wood*, 22 Wend. 395; *Weed* v. *Tucker*, 19 N. Y. 432; *White* v. *Wager*, 25 N. Y. 328; Dwarris on Statutes, 562; *Bell* v. *Mayor, etc., N. Y.*, 105 N. Y. 139; *People ex rel.* v. *McClave*, 99 N. Y. 83, 89.) There was a mistake in the lease of 1884. (*Linton* v. *U. F. W. Co.*, 128 N. Y. 672; *Ward* v. *Waterman*, 85 Cal. 488; *Warrick* v. *Smith*, 137 Ill. 514; *Hausman* v. *Burnham*, 59 Conn. 117; Code Civ. Pro. §§ 1337, 1338; *Bedlow* v. *N. Y. F. D. D. Co.*, 112 N. Y. 263; *Claflin* v. *Meyer*, 75 N. Y. 260; *Matthews* v. *Coe*, 49 N. Y. 57; *Pratt* v. *Foote*, 9 N. Y. 463.) The contention that the language of the lease of 1884 did not admit of any misconstruction or any two interpretations, and could not, therefore, have been misunderstood, is untenable. (*Kilmer* v. *Smith*, 77 N. Y. 226; *Haviland* v. *Willets*, 141 N. Y. 35.) The burden of proof rests upon the defendants, who insist that the lease is correct as it stands, to prove that the change was agreed to by all parties, and that the new clause expresses their intentions. (*Haviland* v. *Willets*, 141 N. Y. 35; *Kilmer* v. *Smith*, 77 N. Y. 226; *Hay* v. *S. F. Ins. Co.*, 77 N. Y. 235; *Warrick* v. *Smith*, 137 Ill. 514; *Linton* v. *U. F. W. Co.*, 128 N. Y. 672.) The practical construction put upon the lease by the parties to a contract should always control the interpretation of the contract itself. (*Reid* v. *Sprague*, 72 N. Y. 457, 461; *Leavitt* v. *W. L. Co.*, 54 Fed. Rep. 439.) The injured party is entitled to a refor-

mation of the instrument, so as to express the actual inten-
tion of the parties, whether the mistake be called one of fact
or of law, and whether the mistake is mutual or not, so long
as the only mistake alleged is in the reduction of the agree-
ment to writing. (*Born* v. *Schrenkeisen*, 110 N. Y. 55;
*Pitcher* v. *Hennessey*, 48 N. Y. 415; *Bush* v. *Hicks*, 60 N.
Y. 298.) The motion on the trial to amend the complaint
should have been granted. (*Davis* v. *N. Y., L. E. & W. R.
R. Co.*, 110 N. Y. 646; Code Civ. Pro. § 723; *Tilton* v.
*Beecher*, 59 N. Y. 176.)

*E. Randolph Robinson* for respondents. It is quite imma-
terial that some of the findings stand in the decision as con-
clusions of law. They are undoubtedly findings of fact and
will be given effect as such, notwithstanding the designation
under which they stand in the decision. They are, moreover,
necessary and inevitable inferences from the facts found and
specifically designated as findings of fact. (*Sherman* v. *H. R.
R. R. Co.*, 64 N. Y. 254, 259, 260; *In re Clark*, 119 N. Y. 427,
433; *Evans* v. *Howell*, 75 Hun, 199.) The plaintiffs' con-
tention being that the instrument in question failed through
mutual mistake to express the alleged prior agreement of the
three parties to it, the burden was upon them to establish,
*first*, such alleged prior agreement between all the parties,
and, *second*, the failure of the instrument to express it because
of accident or the mutual mistake of all the parties, not sim-
ply by a preponderance of evidence but by proof "so clear
and convincing as to leave no room for doubt." (*Howland* v.
*Blake*, 97 U. S. 624; *Mead* v. *W. F. Ins. Co.*, 64 N. Y. 455;
*Ford* v. *Joyce*, 78 N. Y. 618; *Jackson* v. *Andrews*, 59 N. Y.
244; *Southard* v. *Curley*, 134 N. Y. 148; *Devereux* v. *S. F.
Office*, 51 Hun, 147; *Wilson* v. *Deen*, 74 N. Y. 531; *Sidway* v.
*Sidway*, 26 N.Y. S. R. 902; *Avery* v. *Equitable L. Ass. Society*,
117 N. Y. 457; *Baird* v. *Mayor, etc.*, 96 N. Y. 598.) None
of the exceptions to the rulings of the court below upon the
alleged patent ambiguity of the reservation clause of the lease
were well taken. (*Norton* v. *Woodruff*, 2 N. Y. 153, 156;

*Glacius* v. *Black*, 67 N. Y. 563, 567.)   The motion to amend
the complaint was properly denied.   Moreover, its denial did
not in any way prejudice the plaintiffs, and did not affect, and
could not have affected in any manner, the findings made or
the judgment rendered. (*Richtmeyer* v. *Remsen*, 38 N. Y.
206; *Riggs* v. *Chapin*, 27 N. Y. S. R. 268; *Barnes* v.
*Seligman*, 29 N. Y. S. R. 68; *Rosenwald* v. *Hammerstein*,
12 Daly, 377; Code Civ. Pro. § 723; *Mercier* v. *Lewis*, 39
Cal. 533; *Baldwin* v. *Rood*, 17 N. Y. S. R. 517; *People* v.
*Dennison*, 84 N. Y. 272; *Freeman* v. *Grant*, 132 N. Y. 22;
*Cumber* v. *Schoenfeld*, 34 N. Y. S. R. 770.)

MARTIN, J.   The essential purpose of this action, as alleged
in the complaint, was to reform a contract or lease made by
and between the Twenty-third Street Railway Company, The
Bleecker Street and Fulton Ferry Railroad Company, and
The Christopher and Tenth Street Railroad Company, dated
the twentieth day of May, 1884.   The plaintiffs sought to
have the lease reformed by adding to the reservation therein
after the words " Fourteenth street," the words " Between
Ninth and Eleventh avenues."   The reservation contained
in the lease reads as follows :   " It being understood and agreed
that the party of the first part (The Twenty-third Street Com-
pany) shall also have the right to run and operate its cars upon
and through the above-mentioned railroad and route, in and
along Fourteenth street."   The route in Fourteenth street
to which this provision refers is described in the lease
as follows :   " Commencing at the intersection of Fourteenth
street and Fourth avenue ;   thence through and along
Fourteenth street with double tracks to Eleventh avenue."
One of the claims of the appellants is, that the language of
the reservation is ambiguous, and, therefore, it should be con-
strued having regard to the situation of the parties and the
surrounding circumstances when it was made.   We discover
no ambiguity in the language employed.   The provision is
that the lessor shall also have the right to run and operate its
cars upon and over the above-mentioned railroad and route in

and along Fourteenth street. When we examine the description of the route to which reference is made, we find it perfectly and completely described as commencing at the intersection of Fourteenth street and Fourth avenue, thence through and along Fourteenth street with double tracks to Eleventh avenue. This description designates but a single route, and definitely states the points where it commences and terminates. The reservation expressly refers to it, and it clearly includes the route thus described and no other. There is no room for doubt or question as to the meaning and intent of the language employed, and, therefore, no room for construction. The apparent meaning must be regarded as the intended one. (*Schoonmaker* v. *Hoyt*, 148 N. Y. 425.)

The real and only question at issue between the parties was whether, by accident or mutual mistake, the written instrument executed by them failed to correctly express the actual agreement between them, and, therefore, should be reformed, or, in other words, whether there was any such mutual mistake. The learned judge before whom the case was tried at Special Term found that "neither the defendant The Twenty-third Street Railway Company, nor the defendant The Bleecker Street and Fulton Ferry Railroad Company, ever at any time assented or agreed that the reservation of the right of the Twenty-third Street Railway Company to run and operate its cars in Fourteenth street, should be limited to that portion of the railroad and route in Fourteenth Street and lying west of Ninth avenue; that "The plaintiff, the Christopher and Tenth Street Railroad Company, at the time of the execution and delivery of the said lease of May 20th, 1884, of which a copy is set forth in the complaint as Exhibit No. 3, and at all times afterwards, was fully aware of the precise terms of the reservation in said lease of the right of the Twenty-third Street Railway Company to run and operate its cars over the entire railroad route on Fourteenth street, between Fourth avenue and Eleventh avenue, and of the scope and effect of such reservation, and that the Twenty-third Street Railway Company claimed the

right to run and operate its cars over the said route, east as well as west of Ninth avenue;" that "the plaintiff, the Central Cross-town Railroad Company, at the time of entering into the said lease with the Christopher and Tenth Street Railroad Company, on or about the 26th day of April, 1890, and prior to said time was fully aware of the precise terms of the reservation in the said lease of May 20th, 1884, of the right of the Twenty-third Street Railway Company to run and operate its cars over the entire railroad route on Fourteenth street between Fourth avenue and Eleventh avenue, and of the scope and effect of such reservation, and that the Twenty-third Street Railway Company claimed the right to run and operate its cars over the said route, east as well as west of Ninth avenue;" that "the said lease of May 20, 1884, between the Christopher and Tenth Street Railroad Company and the Twenty-third Street Railway Company and the Bleecker Street and Fulton Ferry Railroad Company, set forth in the complaint as Exhibit No. 3, fully embodies and correctly expresses the real agreement made between the said parties to the lease in question;" that "There was no mutual mistake in respect to any of the provisions of the lease in question;" and that "the parties to said lease never at any time mutually agreed, in terms or in substance upon a provision that the use of the route in Fourteenth street by the Twenty-third Street Railway Company should be restricted to that portion of the route west of Ninth avenue; but on the contrary, the said parties did mutually agree upon the said lease of May 20th, 1884, sought to be reformed in this action." Upon the facts as found, the trial court held that the plaintiffs were not entitled to a reformation of the contract or to any of the relief demanded in the complaint, and that the defendants were entitled to a judgment dismissing the complaint upon the merits, with costs. Several of the findings quoted were classified by the trial judge as conclusions of law. If improperly designated as such, still, for the purpose of upholding the judgment they

8

will be given the same effect as if they were embraced in and designated as findings of fact. (*Berger* v. *Varrelmann*, 127 N. Y. 281; *Parker* v. *Baxter*, 86 N. Y. 586; *Murray* v. *Marshall*, 94 N. Y. 611; *Adams* v. *Fitzpatrick*, 125 N. Y. 124.) To enable the plaintiffs to maintain this action, it was incumbent upon them to show that there was a mistake, that it was mutual and one made by all the parties to the agreement, so that the intention of neither was expressed. If it was such a contract as one of the parties intended to make and the one it understood the others also intended to make, the court had no power to reform it (*Paine* v. *Jones*, 75 N. Y. 593), as under such circumstances it would be making a new contract for the parties, and unjust to the ones who made no mistake. (*Nevius* v. *Dunlap*, 33 N. Y. 676; *Story* v. *Conger*, 36 N. Y. 673; *Lyman* v. *The United Insurance Co.*, 17 Johns. 373.) In an action for the reformation of a written instrument upon the ground of mistake, the party seeking the reformation must prove that there was a mistake by evidence that is clear, positive and convincing. It is to be presumed that the written instrument was carefully and deliberately prepared and executed, and, therefore, is evidence of the highest character and will be regarded as expressing the intention of the parties to it until the contrary appears in the most satisfactory manner. The grade and degree of proof required to entitle a plaintiff to relief of this character has been many times considered by the courts of England, the Federal and the various state courts of the United States, and their decisions as to the nature of the proof required, show that it must be of the most substantial and convincing character. (*Ford* v. *Joyce*, 78 N. Y. 618; *Mead* v. *Westchester Fire Ins. Co.*, 64 N. Y. 453; *Nevius* v. *Dunlap*, 33 N. Y. 676; *White* v. *Williams*, 48 Barb. 222; *Gillespie* v. *Moon*, 2 Johns. Ch. 585; *Boardman* v. *Davidson*, 7 Abb. Pr. [N. S.] 439; *Hill* v. *Hill*, 10 N. Y. Week. Dig. 239; *Little* v. *Webster*, 16 N. Y. St. Rep. 107; *Southard* v. *Curley*, 134 N. Y. 148; *Henkle* v. *Royal Exchange Assurance Co.*, 1 Ves. Sr. 317; *Bold* v. *Hutchinson*, 5 DeG., M. & G. 558; *United*

*States* v. *Munroe,* 5 Mason, 572; *Simmons Creek Coal Co.* v. *Doran,* 142 U. S. 417, 435; *Coale* v. *Merryman,* 35 Md. 382; *Lyman* v. *Little,* 15 Vt. 576; *Miner* v. *Hess,* 47 Ill. 170; *Stockbridge Iron Co.* v. *Hudson Iron Co.,* 102 Mass. 45; *Newton* v. *Holley,* 6 Wis. 592; *Linn* v. *Barkey,* 7 Ind. 69; *Leitensdorfer* v. *Delphy,* 15 Mo. 160; *Jackson* v. *Magbee,* 21 Fla. 622; *Giles* v. *Hunter,* 103 N. C. 194; *Busby* v. *Littlefield,* 31 N. H. 193; *Fritzler* v. *Robinson,* 70 Iowa, 500; *Weidebusch* · v. *Hartenstein,* 12 W. Vir. 760; *Rowley* v. *Flannelly,* 30 N. J. Eq. 612; *Hinton* v. *Citizens' Mut. Ins. Co.,* 63 Ala. 488; *Muller* v. *Rhuman,* 62 Ga. 332; *Mosby* v. *Wall,* 23 Miss. 81; *Fessenden* v. *Ockington,* 74 Me. 123; *Bodwell* v. *Heaton,* 40 Kansas, 36; *Cox* v. *Woods,* 67 Cal. 317.)

We do not deem it necessary to review the evidence in this case. It has been so fully examined and discussed in the opinions of the court below as to render unnecessary any extended reference to it at this time. Indeed, any examination of it in detail would be out of place, and extend this opinion far beyond the bounds within which it should be limited. As to this branch of the case, it is enough to say that a careful examination of the evidence contained in the record has satisfied us of its sufficiency to sustain the findings of the trial judge, especially in view of the grade and quality of evidence required to establish a right to the relief sought. The findings of the trial court having been affirmed by the General Term and the evidence being sufficient to uphold them, the decision of that court upon the question must be regarded as final.

After most of the evidence had been introduced, and just before it was finally closed, the plaintiffs moved to amend their complaint by inserting an allegation to the effect that through their mistake on one hand, and the fraud of the defendants upon the other, the agreement between the parties was not correctly expressed in the written instrument signed by them. The motion was denied, the court stating that it had no power on the trial to allow the amendment proposed. We deem it

unnecessary to decide the question whether or not the court had power to allow the amendment, as the ruling was harmless and in no way affected any substantial right of the plaintiffs. There is no claim that the purpose of the amendment was to secure the admission of evidence which otherwise would have been excluded. When the motion to amend was made, the plaintiffs' testimony had all been received, except possibly evidence in rebuttal of that offered by the defendants. There is no claim or pretense that any evidence was offered bearing upon the question that was excluded upon the ground of the insufficiency of the complaint. Moreover, the last finding of the court shows that the plaintiffs were given the same benefit of any evidence bearing upon the question of fraud that they would have received if the amendment had been allowed. The appellants seem to have the same view, as they in effect state in their brief that all the testimony which tended to establish fraud upon the part of the defendants was entirely consistent with the theory of a mistake on their part.

Again, before reaching the question whether the alleged omission occurred in any particular manner, the court had to determine whether in fact there was any omission. If there was none, then the question whether there was a mutual mistake, or mistake on one side and fraud upon the other, could never, by any possibility, arise. The court, in this case, found that there was no such omission, and, consequently, the denial of the plaintiffs' application to amend was harmless, and furnishes no reason to disturb the judgment appealed from.

Our attention has been called by the appellants to several rulings upon the admission and rejection of evidence. No reference to the plaintiffs' exceptions to these rulings is deemed necessary, further than to say that all have been examined, and we have found in them no error that would justify a reversal of the judgment.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.