## LEVY et al. v. PASSAVANT et al.

(Supreme Court, Appellate Division, First Department. June 11, 1897.)

VACATION OF JUDGMENT—MISTAKE—PLEADING.

No cause of action is stated by a complaint to set aside a judgment entered on stipulation which alleges that an interlocutory judgment had been rendered setting aside transfers to plaintiffs, and ordering a reference to determine the amount which they should pay; that the stipulation for judgment was designed to dispense with the reference; that plaintiffs subsequently paid to a receiver the amount received on such transfers, and it was absorbed by other creditors; that it was not intended that there should be a personal judgment against plaintiffs; and that the stipulation was hurriedly drawn, and the judgment entered by mutual mistake,—but not alleging that plaintiffs were not fully advised of the facts, or that the stipulation was different in any respect from what was intended, or the nature of the alleged mistake.

Appeal from special term, New York county.

Action by Louis M. Levy and others against Friedericke S. Passavant and others. From a judgment for defendants · on an order dismissing the complaint, plaintiffs appeal. Affirmed.

Argued before RUMSEY, PATTERSON, O'BRIEN, INGRAHAM, and PARKER, JJ.

Frederick E. Anderson, for appellants.

Charles E. Huges, for respondents.

RUMSEY, J. The action was brought to set aside a certain judgment entered against the plaintiffs in an action in the nature of a creditors' bill, brought by the defendants against the plaintiffs. Upon the trial the court dismissed the complaint before any evidence. had been given, for the reason that the complaint did not state facts sufficient to constitute a cause of action, and from the judgment entered upon the order thus dismissing the complaint this appeal is taken.

The complaint alleges that the defendants were co-partners under the name of Passavant & Co., in the city of New York; that on the 14th day of February, 1891, Passavant & Co. brought an action against the plaintiffs in this action and others to set aside certain judgments confessed by David Levy & Sons, and certain transfers of accounts made by said Levy & Sons to other persons, including the plaintiffs in this action; that such proceedings were had in the action brought by Passavant & Co. that an interlocutory judgment was entered therein in favor of that firm against certain of the defendants therein, including the plaintiffs here, setting aside certain transfers and judgments made by Levy & Sons to the plaintiffs in this action, and requiring those plaintiffs to account to Passavant & Co. for the amounts so received by them under the said judgments and transfers which were set aside; that the transfers and judgments so set aside were so very much in excess of the claim of Passavant & Co. that, in order to avoid the expense of the accounting directed by the interlocutory judgment, the attorneys for the parties in that action entered into a stipulation, upon which a

final judgment against the plaintiffs in this action was entered in favor of Passavant & Co., on the 3d day of June, 1892. It was further alleged in the complaint that before the commencement of the action of Passavant & Co. against Levy & Sons and their assignees three other actions were commenced against the same persons, asking for substantially the same relief; that judgments were recovered in those actions in favor of the plaintiffs therein and against the persons who were made defendants, including the plaintiffs in this action, setting aside the transfers and judgments which were attacked in those three actions; and that finally, as the result of the judgments in those actions, the plaintiffs, among others, paid to a receiver appointed therein the full amount of the moneys received by them under said transfers and judgments. It was further alleged in the complaint that, pursuant to the stipulation made by the parties in the Passavant suit, a personal judgment was entered in that suit in favor of Passavant & Co. and against the plaintiffs in this action for the sum of $2,159.60. It was further alleged that, the plaintiffs in this action having paid to the receiver appointed in the other judgment creditors' action the full amount of the money received by them pursuant to said alleged fraudulent transfers and judgments, an enforcement of the judgment entered against them in the Passavant action would do them great injustice, because they would be compelled by it to pay the amount of the Passavant judgment in addition to the full amount of the money received by them by virtue of the assignments from Levy & Sons to them, with costs. It was further alleged that in making the stipulation upon which the final judgment in the Passavant case was entered "it was not the purpose or the intention of the attorneys for either party that personal judgment should be entered against these plaintiffs, who were defendants in that action, but that the sole and only object of the aforesaid stipulation was, as aforesaid, to avoid the necessity, expense, and delay of an accounting, and upon information and belief that the said stipulation was hurriedly and inadvertently given for the aforesaid purpose, so as to get the aforesaid action of Passavant against Levy into a situation where, in pursuance of common and mutual agreements between the respective attorneys to the aforesaid actions, the same could be rested pending the appeal to the general term and the court of appeals in the aforesaid action of Vietor against Levy, and that the said personal judgment was the result of excusable neglect or mistake on the part of the parties thereto." The complaint contained various other allegations, which need not be referred to in this connection. There is no charge that any fraud was practiced by defendants to procure the stipulation, and the foundation of the action was probably intended to be that the stipulation was given under a mistake of fact on the part of the plaintiffs in this action; but the only allegation bearing upon that point is contained in the words of the complaint quoted above. There is nowhere else in the complaint any statement that the stipulation was not given as intended, or any reason suggested why it should not stand. We think that the allegations of the complaint are entirely insufficient to establish that the stipulation was given

under any mistake whatever. It is quite apparent from the complaint, and it is recited in the stipulation, that the Passavants had already recovered an interlocutory judgment setting aside judgments in favor of the plaintiffs here against Levy & Sons, and execution sales thereon, and transfers of accounts made by Levy & Sons to certain of the plaintiffs here, and requiring these plaintiffs to account to Passavant & Co., to ascertain the amount which they should pay to Passavant & Co. Such is substantially the allegation of the complaint, and such is the recital in the stipulation, which is set out in full, and attached to the complaint as an exhibit. The necessary result of such a judgment would be to compel the payment by plaintiffs to Passavant & Co. of the amount of their judgment, which it is alleged was less than the sum due from the plaintiffs. The stipulation was given under those circumstances. There is no charge in the complaint that at the time of the giving of the stipulation all the parties were not thoroughly conversant with the facts of the case, and there is no pretense that the plaintiffs here, or their attorneys, were induced to give the stipulation in reliance upon any mistake as to the condition of affairs which existed at the time. Neither is there any allegation that they were not aware of the terms of the stipulation, or that the wording of the stipulation was any other than what they intended it should be. It is quite true that the complaint alleges that it was not the intention of the attorneys that personal judgment should be entered against the plaintiffs in this action, and that the sole and only object of the stipulation was to avoid the necessity, expense, and delay of an accounting. But, in the absence of any allegation that the facts of the case were not known to all the parties, or that the stipulation was made to read differently from what was intended by the parties, the object of the paper can only be ascertained by a reference to it, and no proof could be made that the words in the stipulation were to receive any other meaning than that which they naturally bear. Christopher & T. St. R. Co. v. Twenty-Third St. Ry. Co., 149 N. Y. 51, 43 N. E. 538. So much of the allegations of the complaint, therefore, as state the purpose and intent of the parties in making the stipulation is entirely immaterial, in the absence of the allegation that the stipulation as made was any different from what they intended to have it.

So the allegation that the stipulation was hurriedly and inadvertently given is not material, because there is no suggestion in the case that by reason of this hurry or inadvertence the plaintiffs made any other stipulation than the one they intended to make. The allegation that the personal judgment was the result of excusable neglect or mistake on the part of the parties thereto is of no importance. Giving it the meaning most favorable to the plaintiffs, it can only be said to be their conclusion, and that conclusion is of no importance unless there is alleged in the complaint some fact upon which it could be based. It is not sufficient to warrant the setting aside of a contract for a mistake that the plaintiff should allege that it was the result of a mistake. The nature of the mistake must be alleged. Nothing of that kind is made to appear in this complaint. The most favorable construction possible for the plain-

tiffs amounts solely to an allegation that the stipulation upon which the personal judgment against them was entered was made precisely as they intended to have it made, but inadvertently and hurriedly, and that they did not sufficiently examine it or appreciate its true meaning. There is no allegation of any facts from which it could be assumed that there was any mistake on the part of anybody in entering into this stipulation. Before one can bring an action to set aside a contract of this kind for a mistake of facts, he is bound to allege the mistake in such a way that his opponent may understand precisely what it is, and that the court may see that the mistake alleged is one which, if proved, would warrant a judgment relieving the plaintiff from the contract which he has made. No such allegation is made in this complaint, and for that reason the conclusion of the court below was correct, and the judgment entered upon its decision should be affirmed, with costs. All concur.