(41 Misc. Rep. 285.)

DOUGHERTY et al. v. LION FIRE INS. CO., LIMITED, OF LONDON, et al.

(Supreme Court, Special Term, Columbia County. August, 1903.)

1. INSURANCE POLICY—REFORMATION—MISTAKE.
     An insurance policy will not be reformed for mistake where the evidence is that the mistake was that of one person only, and was not mutual.

Action by Rose E. Dougherty and others against the Lion Fire Insurance Company, Limited, of London, and others, to reform an insurance policy.

Amos Van 'Etten, for plaintiffs.
A. T. Clearwater, for defendant insurance company. ·
Harry H. Flemming, guardian ad litem for infant defendants.

COCHRANE, J. The evidence fails to make out a case for the reformation of the contract. It is fundamental that, to justify a court in reforming a contract on the ground of a mistake, such mistake must be one which is mutual and common to both parties to the contract. Plaintiffs claim that the defendant intended to issue the policy to them, and hence that the policy should be made to carry out that intent; and base such claim on the alleged statement of Rose E. Dougherty to Irving McCausland that her mother was dead. Irving McCausland, who was called as a witness by the plaintiffs, testified that when the policy was issued, he did not know or understand that Catharine Dougherty was dead. He had previously effected insurance for her in another company on the property in question, and seems to have assumed that there had been no change in ownership. I do not question the veracity of Rose E. Dougherty. But there was manifestly a misunderstanding between her and McCausland. Giving to the testimony of both witnesses its appropriate weight, the entire evidence fails to satisfactorily show that McCausland knew of the death of Catharine Dougherty, and without such knowledge on his part there was no mistake mutual or common to both parties, and hence no, basis for a reformation of the policy.

To justify a reformation of a written contract on the ground of mutual mistake, the evidence should be clear, positive, and of the most convincing character. Christopher & Tenth St. R. R. Co. v. Twenty-Third St. R. Co., 149 N. Y. 51, 43 N. E. 538; Allison Brothers' Co. v. Allison, 144 N. Y. 30, 38 N. E. 956; Southard v. Curley, 134 N. Y. 148, 31 N. E. 330, 16 L. R. A. 561, 30 Am. St. Rep. 642; Greene v. Smith, 13 App. Div. 465, 43 N. Y. Supp. 610; Weed v. Whitehead, 1 App. Div. 195, 37 N. Y. Supp. 178; Johnstown Mining Co. v. Butte & Boston Co., 60 App. Div. 347, 70 N. Y. Supp. 257; Stern v. Ladew, 47 App. Div. 340, 62 N. Y. Supp. 267.

In Weed v. Whitehead, 1 App. Div. 195, 37 N. Y. Supp. 180, it was said:

"The authorities all require that parol evidence of a mistake in a written contract must be most clear and convincing. The language of some of the

¶ 1. See Insurance, vol. 28, Cent. Dig. § 266.

cases is 'the strongest possible.' Courts of equity do not grant the remedy of reformation upon a probability, nor even upon a mere preponderance of evidence, but only upon a certainty of error. 2 Pom. Eq. Juris. § 859; 1 Story, Eq. Juris. § 157; Southard v. Curley, 134 N. Y. 148, 31 N. E. 330, 16 L. R. A. 561, 30 Am. St. Rep. 642, and cases cited in the opinion. The utmost that can be determined from the testimony before us is that the matter is left in doubt. But a court of equity would not be justified, upon such evidence, in granting the relief which the respondents seek."

In Johnstown Mining Co. v. Butte & Boston Co., 60 App. Div. 347, 70 N. Y. Supp. 258, it was said:

"It is a well-settled rule of law that before a person becomes entitled to the reformation of a contract upon the ground of mistake, it must be made clearly to appear by unequivocal and satisfactory proof that a mistake was made."

Tested by this rule, the plaintiffs have failed to show a mistake on the part of the defendant. It issued just the policy it intended to issue. The court may only reform a contract so as to make it conform to the intention of both parties. The evidence does not justify a finding that defendant or its agent purposed anything else than to insure Catharine Dougherty. "To enable the plaintiffs to maintain this action, it was incumbent upon them to show that there was a mistake; that it was mutual, and one made by all the parties to the agreement, so that the intention of neither was expressed. If it was such a contract as one of the parties intended to make and the one it understood the others also intended to make, the court had no power to reform it (Paine v. Jones, 75 N. Y. 593), as, under such circumstances, it would be making a new contract for the parties, and unjust to the ones who made no mistake." Christopher & Tenth St. R. R. Co. v. Twenty-Third St. R. Co., 149 N. Y. 58, 43 N. E. 539.

In McCoubray v. St. Paul Fire & M. Ins. Co., 50 App. Div. 418, 64 N. Y. Supp. 113, it was said:

"It is evident, on uncontroverted proof, that Winter, the local agent of the defendant, and the one through whom the policy was obtained, was informed when it was issued that the property belonged to the plaintiff, and was instructed to make out the policy in her name; that, when his attention was called to the erroneous use of Joseph's name, he promised to have the error corrected, and that that promise was made on several subsequent occasions. In such circumstances equity requires the reformation of the policy."

The proof here is very different from the "uncontroverted proof" in that case, and is insufficient to meet the burden which the law places on the plaintiffs. To grant the relief sought in this case would not be to conform the contract to the intention of both parties to it, but would be to create a new contract, which the defendant did not intend to make.

Complaint dismissed, with costs to the defendant insurance company.