LOUIS PORTUGAL, Appellant, *v.* ABRAM REISMAN and Others, Respondents.

First Department, July 2, 1920.

Equity — suit to reform written agreement — requisites of proof where clause has been inserted by mistake — allegations of mutual mistake or mistake and fraud in the alternative — agreement of stockholders as to division of profits and losses on sale of corporate interests — failure of written agreement to bind stockholders personally — reformation of such instrument — when remedy at law inadequate.

The requisites of proof in a suit to reform a written instrument where a clause has been inserted by mistake are: (1) A common agreement of all the parties other than that expressed in the instrument; (2) the executed agreement; (3) that the insertion of the provision not agreed to was without the knowledge of any of the parties to it, or without the knowledge of one of the parties, the other having knowledge but concealing it.

A complaint seeking to reform such written contract may allege mutual mistake or fraud and mistake in the alternative.

A complaint which in substance alleges that pursuant to a prior verbal agreement the plaintiff and defendants, who were the sole stockholders of a business corporation, entered into an agreement whereby the plaintiff sold his stock to the defendants for a certain sum and resigned from the board of directors in consideration of the defendants' agreement to pay to the plaintiff one-third of any profits they might make by a subsequent sale of their interest in the corporation for an amount exceeding a certain

sum, but that if the defendants should sell their interests for less than said sum, the plaintiff would pay to the corporation or to the defendants an amount equal to one-third of the difference between said sum and the amount received, which agreement is signed only by the plaintiff and by the corporation and not by the defendants, so as to bind them personally, and which further alleges that by the mutual mistake of the plaintiff and defendants or by the mistake of the plaintiff and the fraud of the defendants in concealing their knowledge thereof, the writing does not embody the actual terms of the prior agreement in that it does not bind the defendants in their individual capacity, states a cause in equity for the reformation of such writing to express the true intent of the parties.

As the written contract did not express the real intent of the parties because of a mutual mistake, the plaintiff had no adequate remedy at law and may sue in equity for a reformation of the written agreement.

A court of equity in a proper case has power to reform a written agreement, to give full and complete relief, even to the insertion of the names of parties in such agreement, where all the parties interested are before the court and no rights of innocent persons are affected.

SMITH, J., dissents, with memorandum.

APPEAL by the plaintiff, Louis Portugal, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 24th day of March, 1920, denying plaintiff's motion for judgment on the pleadings and sustaining defendants' demurrers to the complaint.

*Daniel Handler,* attorney for the appellant.

*Henry B. Singer* of counsel [*Sam L. Cohen* and *Herman G. Kopald* with him on the brief], *Moses & Singer,* attorneys, for the respondents Reisman and Tashker.

*Herman G. Kopald,* attorney for the respondent Pearl White Steam Laundry & Linen Supply Company, Inc.

DOWLING, J.:

The complaint herein sets forth that on or about May 2, 1918, plaintiff and the defendants Reisman and Tashker were the sole stockholders and constituted the entire board of directors of the defendant corporation. On that date they entered into a verbal agreement or understanding with each other as individuals and as stockholders and members of the board of directors of the defendant corporation, which agreement or understanding was thereafter to be reduced to a con-

tract under seal, by the terms of which it was agreed that in consideration of plaintiff's surrender of his shares of stock in defendant corporation, the defendants were to pay to plaintiff the sum of $3,433 therefor, to be secured by a chattel mortgage on the plant and machinery of the corporation, payable in monthly installments of $100, and that in further consideration of such payment plaintiff was to resign as a member of the board of directors of the corporation. It was further agreed between plaintiff, Reisman and Tashker that should the latter two persons sell their interest in the corporation, or should they or the corporation sell the business of the latter or combine the same with any other person, firm or corporation and receive as a consideration for the value of the business or their interest therein an amount of money in excess of $8,800, in that event Reisman and Tashker, or the corporation, as the case might be, should pay to plaintiff in addition to the sum of $3,433, an amount equal to one-third of the excess over $8,800 received by them or it; while on the other hand if the sum received under these conditions should be less than $8,800, the plaintiff would pay to the corporation, or to Reisman and Tashker, as the case might be, an amount equal to one-third of the difference between $8,800 and the amount received. Thereafter the said agreement was reduced to writing, and a copy thereof is annexed to the complaint. This agreement purports to be made between the Pearl White Steam Laundry and Linen Supply Company, Inc., and Louis Portugal and recites that Portugal agreed to resign as director and treasurer of the corporation and to relinquish his interest therein and that he surrenders to the corporation two certificates of twenty-five shares each of its stock. It is set forth that an accounting has been had and the value of plaintiff's interest is fixed at $4,455.70, whereof $1,022.70 is paid in cash on the execution of the agreement and the balance of $3,433 is to be paid by note in monthly installments of $100, secured by a chattel mortgage. It then provides: " It Is Further Agreed between the respective parties hereto, that in the event that the party of the first part should sell its business or combine the same, with any other person, firm or corporation, and receive as a consideration for the value of the business of the party of the first part, exclusive of any merchandise and

outstanding accounts a sum in excess of $8,800, that the party of the second part shall receive from such sale, transfer or combination a sum equivalent to one-third in excess of the sum of $8,800." The agreement is signed by plaintiff and by the Pearl White Steam Laundry and Linen Supply Company, Inc., " by Abram Reisman [L. S.]," without any title being added to his name, though the acknowledgment thereto sets forth that he was president of the corporation, and that he signed by order of the board of directors and affixed the seal of the corporation thereto by like order.

It is then alleged:

" *Seventh.* That by the mutual mistake of the plaintiff and the defendants, or by the mistake of the plaintiff and the fraud of the defendants in concealing their knowledge thereof, said agreement as reduced to writing did not embody the actual terms, conditions previously made between the parties hereto, in that the said agreement as reduced to writing failed to include a necessary and vital part of the agreement as made by the parties hereto, in that it failed and omitted to make the said Abram Reisman and Bernard Tashker parties to the said contract in their individual capacity.

" *Eighth.* That it was the intention of the parties, that whereas, in all events, the parties constituting the remaining stockholders were at all events the ones to be benefited and the only ones to receive any monies derived from or by means of a sale of the plant or the business, or their interest in the said corporation that they in their individual capacity agreed, undertook and guaranteed, that should they receive for the business an amount of money exceeding Eighty eight hundred ($8800) Dollars, that they undertook in all events to pay to the plaintiff an amount of money equivalent to one-third of the excess and likewise it was agreed that should the said plant or the interest of the defendants, Abram Reisman and Bernard Tashker be sold for an amount of money less than Eighty eight hundred ($8800) Dollars, that then and in that event the plaintiff was to pay them a sum of money equivalent to one-third of the difference between the actual selling price and eighty eight hundred ($8800) Dollars."

It is then averred that plaintiff executed the written agreement in the belief that the same embodied in its terms all of

the actual agreement, terms, conditions, intentions and under-standings previously had between the parties; that Reisman and Tashker, taking advantage of the error and of the fraud committed by them in concealing their knowledge of the error, agreed to, and did, sell the business of defendant corporation, and in order to avoid the contract and the real intent of the parties, instead of selling the plant as a whole, merely assigned, transferred and conveyed their respective holdings of stock in the corporation to outside parties for the sum of $28,000; and that pursuant to the agreement of the parties, plaintiff is entitled to receive from Reisman and Tashker or from the corporation, a sum equal to one-third of the difference between $8,800 and $28,000, amounting to $6,400, which has been demanded and refused.

The judgment demanded is that the written agreement be reformed so as to express the true intention and meaning of the parties by inserting therein a clause making Reisman and Tashker parties thereto in their individual capacity, and a further clause reading as follows: " That should the said parties of the third part, Abram Reisman and Bernard Tashker, sell, assign, transfer and convey their shares of stock in the corporation, and receive therefor a sum of money in excess of Eighty eight hundred ($8800) Dollars, that then and in that event the said parties of the third part, covenant, under-take, promise and agree that they will pay to the said party of the second part a sum of money equivalent to one-third of any sum received by them as a consideration for such sale, assignment or conveyance of their stock in the corporation in excess of Eighty eight hundred ($8800) Dollars."

Judgment is also asked restraining Reisman and Tashker from receiving or collecting any part of the said sum of $28,000, and the defendant corporation from paying said sum or any part thereof to them; and that in case Reisman and Tashker have received any part of the said sum or any negotiable instrument therefor that they be enjoined from negotiating the instrument and that they account to plaintiff for any sum received by them as proceeds of the sale of their interest or of the plant.

Defendants demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action.

The learned court at Special Term denied plaintiff's motion for judgment on the pleadings on the ground that no facts were stated tending to show that defendants Reisman and Tashker were not made parties to the written agreement because of mutual mistake, or by reason of the mistake of plaintiff and the fraud of the individual defendants. In this I think the learned court was in error. The complaint sets forth that the actual agreement of the parties was between plaintiff and the defendants Reisman and Tashker, not merely as stockholders and members of the board of directors, but as individuals. This was a close corporation, in which there were but three stockholders, plaintiff, Reisman and Tashker. When plaintiff surrendered his certificate of stock and retired from the board, he left Reisman and Tashker the sole owners of the corporate stock and the only officers and directors. There were no rights of third parties to be considered. It is obvious from the agreement as reduced to writing that plaintiff was to receive further compensation if the business of the corporation should be sold or transferred or combined with any other business. He claims that he was to receive the same compensation if the individual defendants who owned the corporation should sell out its business in an indirect manner by selling their stock, which was the entire outstanding capitalization of the company. If such an agreement as plaintiff pleads was actually made, I see no reason why he cannot have the written instrument reformed to express the actual contract of the parties, if its present form is due to mutual mistake, or to mistake on his part and fraud on that of the defendants. The question of whether he could successfully meet the burden of proof he would have to bear is not important now. I think the allegations of his complaint are sufficient to make out a cause of action.

As was pointed out in *Christopher & Tenth Street Railroad Co.* v. *Twenty-third Street R. Co.* (78 Hun, 462; affd., 149 N. Y. 51) the requisites of proof in an action to reform a written instrument where a clause had been inserted by mistake are: (1) A common agreement of all the parties other than that expressed in the instrument; (2) the executed agreement; (3) that the insertion of the provision not agreed to was

without the knowledge of any of the parties to it, or without the knowledge of one of the parties, the other having knowledge but concealing it. The rule applies here save that on the third point the proof required would be that the failure of the individual defendants to become parties to the written agreement and the failure to include the provisions casting liability upon them if they disposed of their holdings in the corporation, must be shown to have been the result of mutual mistake or of mistake on one side and fraudulent concealment on the other. Nor does the fact that the averment of mutual mistake or of fraud and mistake is in the alternative, render the pleadings bad, for as was said in the same case (at p. 471): "It was long ago determined that these allegations might be stated by the pleader in the alternative, and the practice thus established has been steadily followed, so if the plaintiffs had stated in their complaint in the first instance that the insertion of a different provision than that upon which the minds of the parties met, was owing to the mutual mistake of the parties, or to the mistake of the one party and the fraud of the other, the point could not have been successfully made that the complaint, while pretending to allege one cause of action, in fact joined together two inconsistent causes of action.

"As they may stand together when pleaded in the alternative, because forming a part of the appropriate allegations of a complaint setting up a cause of action to reform a contract, it necessarily follows that an amendment which states them in the alternative, where one is already expressed, cannot operate to change the cause of action."

If the written contract did not express the real intent of the parties, because of a mutual mistake, plaintiff would have no adequate remedy at law, nor can he recover at law against any one in the present state of the written agreement.

The equitable remedy by way of reformation of written instruments where there has been mutual mistake or mistake on one side and fraud on the other, is one which admits of full and complete relief where the appropriate facts are proven upon the trial, and extends even to the insertion of names in an agreement where all the parties interested are before the court and no rights of innocent persons are affected.

The order appealed from should be reversed, with ten dollars costs and disbursements, and plaintiff's motion for judgment on the pleadings granted, with ten dollars costs, with leave to defendants to withdraw their demurrers and answer within twenty days on payment of such costs.

CLARKE, P. J., PAGE and GREENBAUM, JJ., concur; SMITH, J., dissents.

SMITH, J. (dissenting):

I dissent on the ground that the written contract is not binding on Reisman, or Tashker or the plaintiff and no reformation is necessary, but plaintiff may recover at law on Reisman's and Tashker's oral agreement.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to defendants to withdraw demurrers and to answer on payment of said costs.