## Busby *v.* Littlefield.

The privity required to exist between parties to proceedings in equity, is such only as gives the complainant a title to sue the defendant.

As a general rule, all who are to be affected, either immediately or consequentially, by the decree of a court of equity, should be made parties to the bill.

Where a bill alleged that B., by warranty deed, conveyed certain premises to J., who conveyed them to C., and C. conveyed them to L., also by warranty deeds; and that the deed of B. to J., by mistake, covered more than twice as much land as was intended or supposed by the parties to it to be conveyed, and the deeds from J. to C. and from C. to L., referred to that of B. to J., for a description of the land conveyed; and the bill charged that L. knew of the mistake at the time he took his deed, and with the fraudulent design of depriving B. of the land not sold, commenced a suit at law against him for the recovery of the same—*held*, that there was sufficient privity between B. and L. to sustain a bill in equity by the former against the latter. *Held, also*, that upon such a state of facts, J. and C. should be made parties to the bill.

A court of equity may, upon parol evidence, correct a mistake in a deed, or other written contract, if the same be clearly shown to exist.

Under the general prayer for relief, in a bill in equity, the complainant may pray at the bar for such specific relief as the statements of the bill will warrant, provided it does not conflict with that specifically prayed for.

It seems that a court of equity may order a party holding a deed of real estate, which he knew at the time of receiving it, covered more than his purchase, to quitclaim to the real owner that part which he fraudulently claims to hold, notwithstanding the real owner is not his immediate grantor.

In Equity. The bill alleges that the complainant purchased of John Trickey, on the 29th of August, 1844, certain premises in Dover, being a lot of land one hundred feet square, situated on the west side of Chestnut street, with the buildings thereon standing. That he afterwards put up another set of buildings, on the northerly part of the lot, at an expense of about $1000, and appropriated thirty feet front and rear and one hundred deep, of the whole lot, to these buildings; and that he has always occupied the remaining seventy feet of the lot, with the buildings, until the filing of this bill, which was in May, 1853.

That he mortgaged the whole premises, being the hundred foot lot, to the Savings Bank for the County of Straf-

ford, on the 22d of April, 1846, to secure the payment of his note for $600. And also, on the 21st of May, 1849, mortgaged the whole tract to Oliver Libbey, to secure the payment of his note for $1000. That he paid $500 of the last sum before the 29th of August, 1850.

That on the 29th of August, 1850, he sold to John S. Jordan of Dover the thirty foot lot, with the house and barn thereon standing, for $1200, and gave him a warranty deed of the same, subject to what was due on the mortgages, which sum Jordan was to pay. That in giving the deed to Jordan a mistake was made by the attorney who drew it, and instead of describing the thirty feet, which was all that was sold, the whole one hundred feet square were conveyed by the deed. That the complainant and Jordan both supposed that only the thirty feet were conveyed, and that Jordan took possession, accordingly, of only the thirty feet and the buildings thereon standing, and occupied that part, while the complainant occupied the remaining seventy feet. That Jordan so continued in the occupancy of the thirty feet till he sold to one Crawford, on the 23d of March, 1852 ; that the bargain between them was for the thirty feet, and no more ; and that the deed to Crawford was a warranty deed, and referred, for description of the land, to the deed of the complainant to Jordan.

The bill then sets forth that Crawford occupied the thirty feet and the buildings thereon, until the 28th day of July, 1852, when he sold and conveyed the same, by a warranty deed, to Horace Littlefield, the defendant. For a description of the premises conveyed, the deed of Jordan to Crawford was referred to.

The complainant then alleges that Littlefield, at the time he took the deed of Crawford, knew that there was a mistake in the deed of Busby to Jordan, and the southerly part of the lot, being the seventy feet on Chestnut street by one hundred feet deep, was the property of the complainant;

that the notes secured by the mortgages have been paid; and that the defendant claims to hold the whole premises.

The bill also sets forth that on the first day of January, 1853, the defendant sued out a writ of entry against the complainant for the whole lot, and is prosecuting the suit for recovery of the same. That on the 21st day of May, 1853, the complainant requested the defendant to release and quitclaim to him the southerly part of the lot, being the seventy feet, which he refused to do.

The bill prays that the defendant may be compelled to release and quitclaim to the complainant the seventy feet, and that the complainant may be established in his title to the same, and for an injunction against the defendant from further prosecuting his writ of entry.

There is also a prayer for general relief.

The defendant demurred to the bill, and in addition to the general position that the bill states no case for the relief sought, the following specific grounds are taken, viz. :

" That it appears by the said complainant's said bill, that John S. Jordan and Aaron S. Crawford are necessary parties to the said bill, inasmuch as it is therein stated that the estate and title of this defendant to the premises particularly described in said bill, was derived from the said Crawford, through the said Jordan, as grantee of the said complainant; yet the said complainant has not made the said Jordan and Crawford parties to the said bill.

That it appears by the said complainant's said bill that there is no privity between the said complainant and this defendant, to enable the said complainant to call on this defendant to quitclaim and release to him the said tract of land in said bill of complaint described, or any tract of land."

In addition to these grounds, the defendant's counsel, in their argument, stated several others, which will be there found.

*Christie & Kingman,* for the defendant.

The defendant, in addition to the causes of demurrer set forth in his plea, relies also upon the following :

1. That the complainant has not annexed to his bill copies of the conveyances therein mentioned, nor in any way set them out, or made them a part of his bill.

2. That he has not with sufficient particularity and precision described the lands or premises intended, as he alleges, to be conveyed by the several deeds in his bill mentioned.

3. That he has not with sufficient particularity and precision stated or set forth the description of the premises agreed and intended to be conveyed in any or either of the cases mentioned in the bill ; nor the description by him given, or intended to be given, to the conveyancer who wrote the deed of the premises by him conveyed to said Jordan. *United States* v. *Monroe,* 5 Mason 572.

4. The prayer of the bill should have been for a reformation of the deed or deeds alleged to be erroneous, and not that the defendant should be ordered to quitclaim any part of the premises. *Peterson* v. *Grover,* 20 Maine Rep. 363 ; *United States* v. *Monroe,* 5 Mason 572.

5. That it does not appear that, exclusive of the premises of which a quitclaim deed is prayed for and is alleged to have been demanded, there does or would remain or be left of the whole, the quantity that the complainant alleges he agreed and intended to convey to the said Jordan.

6. For that it is not in or by said bill alleged that there was any error or mistake in the said deed of Jordan to Crawford, or in the deed of Crawford to the defendant, nor is it alleged that Crawford, when he took his deed of Jordan, or when he gave said deed to the defendant, knew or had ever been informed that there was any mistake in said Busby's deed to said Jordan.

7. For that it is not in or by said bill alleged that the complainant ever tendered or presented to the defendant, for

his signature and execution, any deed of any part of said Trickey lot, nor that the defendant has ever refused to make or execute such a deed as in said bill is prayed for.

*Woodman,* for the complainant.

We contend that the plaintiff is entitled to the relief prayed for upon several grounds.

1.  To a perpetual injunction upon the defendant from bringing or maintaining any suit at law for the large lot. *De Riemer* v. *Cantillon,* 4 Johns. Ch. Rep. 85; *Gates* v. *Green,* 4 Paige's Ch. Rep. 355.

2.  The defendant should be held to quitclaim or release the lot to the plaintiff. *De Riemer* v. *Cantillon,* 4 Johns. Ch. Rep. 85.

3.  The deed from the complainant to Jordan may be amended. *Tilton* v. *Tilton,* 9 N. H. Rep. 385.

4.  Other sufficient relief may be given under the general prayer. Hill on Trustees 149.

EASTMAN, J. With regard to the general position taken by the defendant, of want of equity in the bill, we think it quite clear that it is untenable. Taking the allegations of the bill to be true, which the demurrer admits, it appears manifest that an error was committed in drawing the deed from Busby to Jordan, and that the subsequent deeds, referring to the Jordan one for a description of the premises, are alike incorrect. The deed, instead of beginning seventy feet from the corner of the lot, and then running thirty feet to the meeting-house, as it should have done, begun at the corner of the lot itself; and inasmuch as monuments control distances, the description covers the whole one hundred feet square. All the statements of the bill confirm us in this conclusion, and there is no doubt in our minds that the complainant is entitled to relief in some form.

The several objections that the deeds referred to do not accompany the bill, that the premises are not sufficiently

described, and that it does not sufficiently appear that after the seventy feet are released to the complainant, there will be left the quantity sold to Jordan, and other like objections, are rather matters of form than otherwise, and could readily be cured by amendment, if necessary.

And the objection that there is no privity between the complainant and defendant, cannot be sustained. The privity necessary to exist between parties to proceedings in equity, is not necessarily a privity of contract, but such as gives the complainant a title to sue the defendant. 1 Danl. Ch. Prac. 376. In this case, the complainant charges upon the defendant that he purchased of Crawford only the smaller lot of thirty feet; that he knew when he took the deed that there was a mistake in the description, and that he is now unjustly endeavoring to recover of the complainant, by suit at law, the whole premises. And the complainant has filed this bill to stay that suit, and to procure his title to the seventy feet to be established. Upon this statement, it is quite apparent that the defendant has not only knowingly committed a wrong, but is seeking to perpetuate that wrong against the complainant by his suit at law, and if his charges shall be made out, his bill is properly brought against the defendant.

But the exception that Jordan and Crawford should be made parties to the bill, we think, is well taken. The general rule is, that all who are to be affected, either immediately or consequentially, by the decree sought for, should be made parties. The success of the plaintiff against a defendant who is immediately interested, may give such defendant a right to proceed against others, for the purpose of compelling them to make compensation, either in whole or in part, for the loss sustained, or to do some act towards reinstating him in the situation in which he would have been but for the success of the plaintiff. Those persons, therefore, who are liable to be thus affected by the suit, must frequently be made parties. 1 Danl. Ch. Prac. 292, 329;

*Wiser* v. *Blackley*, 1 Johns. Ch. Rep. 437; *Greenwood* v. *Atkinson*, 5 Simon's Ch. Rep. 419.

In such cases, the court, in order to avoid a multiplicity of suits, require that the parties so consequentially liable to be affected by the decree, shall be before the court in the first instance, in order that their liability may be adjudicated upon and settled by one proceeding.

Crawford gave a warranty deed of these premises to Littlefield, the defendant, and Jordan, also, a warranty deed to Crawford. Should the complainant succeed against Littlefield, the latter would have at least a *prima facie* cause of action against Crawford for a breach of his covenants of warranty, and so also Jordan would be liable over to Crawford. Whether these actions could be successfully prosecuted, is not necessary for us to determine at this time; but it is apparent that there is a contingent liability, which, we think, should be passed upon in this proceeding.

In regard to the prayer of the bill, that it should have been for a reformation of the deed, and not for a release by Littlefield, there would seem to be authorities for either course.

That a deed may be reformed is well settled. A court of equity may, upon parol evidence, correct a mistake in a deed, or other written contract, if the same be clearly shown to exist. *Tilton* v. *Tilton*, 9 N. H. Rep. 385; *Gillespie* v. *Moon*, 2 Johns. Ch. Rep. 596; *Gates* v. *Green*, 4 Paige's Ch. Rep. 355; *Prescott* v. *Hawkins*, 12 N. H. Rep. 19; 1 Story's Com. on Eq. §§ 152, 159.

And in *De Riemer* v. *Cantillon*, 4 Johns. Ch. Rep. 85, where on a sale of certain premises in the possession of the defendant, the sheriff's deed, *by mistake*, did not include all the premises advertized and intended to be sold, but all parties supposed the whole was included, and the plaintiff bid a price accordingly, and took possession of the whole, it was decreed that the defendant be perpetually enjoined from prosecuting an ejectment suit, brought to recover the part

not included in the deed, and that he should *release* to the purchaser all his right and title to it. See also *Gillespie* v. *Moon*, 2 Johns. Ch. Rep. 585 ; *Keisselbrack* v. *Livingston*, 4 Johns. Ch. Rep. 144 ; *Craig* v. *Kittredge*, 3 Foster's Rep. 231. From these authorities, it would appear to be settled that the court can make a decree for a release by Littlefield.

After Jordan and Crawford shall be made parties, if the specific decree asked for, of a release from Littlefield, shall not be deemed by the court to be the proper one, the deed of Busby to Jordan can probably be reformed under the general prayer for relief, and the other deeds, referring to that for a description, would, consequently, be reformed. Or such decree may be made as will do justice between the parties. Under the general prayer for relief, a complainant may pray at the bar for such specific relief as the statements of the bill will warrant, provided it does not conflict with that specifically prayed for. *Stone* v. *Anderson*, 6 Foster's Rep. 506 ; 1 Danl. Ch. Prac. 434, 435 ; Story's Eq. Pld. 540 ; Cooper's Eq. Pld. 14.

For the want of proper parties to the bill the demurrer must be sustained. But the complainant may amend his bill in this, and also in the other particulars stated, should it be deemed necessary.