[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 54 
The essential purpose of this action, as alleged in the complaint, was to reform a contract or lease made by and between the Twenty-third Street Railway Company, The Bleecker Street and Fulton Ferry Railroad Company, and The Christopher and Tenth Street Railroad Company, dated the twentieth day of May, 1884. The plaintiffs sought to have the lease reformed by adding to the reservation therein after the words "Fourteenth street," the words "Between Ninth and Eleventh avenues." The reservation contained in the lease reads as follows: "It being understood and agreed that the party of the first part (The Twenty-third Street Company) shall also have the right to run and operate its cars upon and through the above-mentioned railroad and route, in and along Fourteenth street." The route in Fourteenth street to which this provision refers is described in the lease as follows: "Commencing at the intersection of Fourteenth street and Fourth avenue; thence through and along Fourteenth street with double tracks to Eleventh avenue." One of the claims of the appellants is, that the language of the reservation is ambiguous, and, therefore, it should be construed having regard to the situation of the parties and the surrounding circumstances when it was made. We discover no ambiguity in the language employed. The provision is that the lessor shall also have the right to run and operate its cars upon and over the above-mentioned railroad and route in *Page 56 
and along Fourteenth street. When we examine the description of the route to which reference is made, we find it perfectly and completely described as commencing at the intersection of Fourteenth street and Fourth avenue, thence through and along Fourteenth street with double tracks to Eleventh avenue. This description designates but a single route, and definitely states the points where it commences and terminates. The reservation expressly refers to it, and it clearly includes the route thus described and no other. There is no room for doubt or question as to the meaning and intent of the language employed, and, therefore, no room for construction. The apparent meaning must be regarded as the intended one. (Schoonmaker v. Hoyt, 148 N.Y. 425. )
The real and only question at issue between the parties was whether, by accident or mutual mistake, the written instrument executed by them failed to correctly express the actual agreement between them, and, therefore, should be reformed, or, in other words, whether there was any such mutual mistake. The learned judge before whom the case was tried at Special Term found that "neither the defendant The Twenty-third Street Railway Company, nor the defendant The Bleecker Street and Fulton Ferry Railroad Company, ever at any time assented or agreed that the reservation of the right of the Twenty-third Street Railway Company to run and operate its cars in Fourteenth street, should be limited to that portion of the railroad and route in Fourteenth Street and lying west of Ninth avenue; that "The plaintiff, the Christopher and Tenth Street Railroad Company, at the time of the execution and delivery of the said lease of May 20th, 1884, of which a copy is set forth in the complaint as Exhibit No. 3, and at all times afterwards, was fully aware of the precise terms of the reservation in said lease of the right of the Twenty-third Street Railway Company to run and operate its cars over the entire railroad route on Fourteenth street, between Fourth avenue and Eleventh avenue, and of the scope and effect of such reservation, and that the Twenty-third Street Railway Company claimed the *Page 57 
right to run and operate its cars over the said route, east as well as west of Ninth avenue;" that "the plaintiff, the Central Cross-town Railroad Company, at the time of entering into the said lease with the Christopher and Tenth Street Railroad Company, on or about the 26th day of April, 1890, and prior to said time was fully aware of the precise terms of the reservation in the said lease of May 20th, 1884, of the right of the Twenty-third Street Railway Company to run and operate its cars over the entire railroad route on Fourteenth street between Fourth avenue and Eleventh avenue, and of the scope and effect of such reservation, and that the Twenty-third Street Railway Company claimed the right to run and operate its cars over the said route, east as well as west of Ninth avenue;" that "the said lease of May 20, 1884, between the Christopher and Tenth Street Railroad Company and the Twenty-third Street Railway Company and the Bleecker Street and Fulton Ferry Railroad Company, set forth in the complaint as Exhibit No. 3, fully embodies and correctly expresses the real agreement made between the said parties to the lease in question;" that "There was no mutual mistake in respect to any of the provisions of the lease in question;" and that "the parties to said lease never at any time mutually agreed, in terms or in substance upon a provision that the use of the route in Fourteenth street by the Twenty-third Street Railway Company should be restricted to that portion of the route west of Ninth avenue; but on the contrary, the said parties did mutually ageee upon the said lease of May 20th, 1884, sought to be reformed in this action." Upon the facts as found, the trial court held that the plaintiffs were not entitled to a reformation of the contract or to any of the relief demanded in the complaint, and that the defendants were entitled to a judgment dismissing the complaint upon the merits, with costs. Several of the findings quoted were classified by the trial judge as conclusions of law. If improperly designated as such, still, for the purpose of upholding the judgment they *Page 58 
will be given the same effect as if they were embraced in and designated as findings of fact. (Berger v. Varrelmann,127 N.Y. 281; Parker v. Baxter, 86 N.Y. 586; Murray v.Marshall, 94 N.Y. 611; Adams v. Fitzpatrick, 125 N.Y. 124.) To enable the plaintiffs to maintain this action, it was incumbent upon them to show that there was a mistake, that it was mutual and one made by all the parties to the agreement, so that the intention of neither was expressed. If it was such a contract as one of the parties intended to make and the one it understood the others also intended to make, the court had no power to reform it (Paine v. Jones, 75 N.Y. 593), as under such circumstances it would be making a new contract for the parties, and unjust to the ones who made no mistake. (Nevius v.Dunlap, 33 N.Y. 676; Story v. Conger, 36 N.Y. 673; Lyman
v. The United Insurance Co., 17 Johns. 373.) In an action for the reformation of a written instrument upon the ground of mistake, the party seeking the reformation must prove that there was a mistake by evidence that is clear, positive and convincing. It is to be presumed that the written instrument was carefully and deliberately prepared and executed, and, therefore, is evidence of the highest character and will be regarded as expressing the intention of the parties to it until the contrary appears in the most satisfactory manner. The grade and degree of proof required to entitle a plaintiff to relief of this character has been many times considered by the courts of England, the Federal and the various state courts of the United States, and their decisions as to the nature of the proof required, show that it must be of the most substantial and convincing character. (Ford v. Joyce, 78 N.Y. 618; Mead v. Westchester Fire Ins.Co., 64 N.Y. 453; Nevius v. Dunlap, 33 N.Y. 676; White v.Williams, 48 Barb. 222; Gillespie v. Moon, 2 Johns. Ch. 585; Boardman v. Davidson, 7 Abb. Pr. [N.S.] 439; Hill v.Hill, 10 N.Y. Week. Dig. 239; Little v. Webster, 16 N Y St. Rep. 107; Southard v. Curley, 134 N.Y. 148; Henkle v.Royal Exchange Assurance Co., 1 Ves. Sr. 317; Bold v.Hutchinson, 5 DeG., M. G. 558; United *Page 59 States v. Munroe, 5 Mason, 572; Simmons Creek Coal Co. v.Doran, 142 U.S. 417, 435; Coale v. Merryman, 35 Md. 382;Lyman v. Little, 15 Vt. 576; Miner v. Hess, 47 Ill. 170;Stockbridge Iron Co. v. Hudson Iron Co., 102 Mass. 45;Newton v. Holley, 6 Wis. 592; Linn v. Barkey, 7 Ind. 69;Leitensdorfer v. Delphy, 15 Mo. 160; Jackson v. Magbee,21 Fla. 622; Giles v. Hunter, 103 N.C. 194; Busby v.Littlefield, 31 N.H. 193; Fritzler v. Robinson, 70 Iowa 500;Weidebusch v. Hartenstein, 12 W. Vir. 760; Rowley v.Flannelly, 30 N.J. Eq. 612; Hinton v. Citizens' Mut. Ins.Co., 63 Ala. 488; Muller v. Rhuman, 62 Ga. 332; Mosby v.Wall, 23 Miss. 81; Fessenden v. Ockington, 74 Me. 123;Bodwell v. Heaton, 40 Kansas, 36; Cox v. Woods, 67 Cal. 317. )
We do not deem it necessary to review the evidence in this case. It has been so fully examined and discussed in the opinions of the court below as to render unnecessary any extended reference to it at this time. Indeed, any examination of it in detail would be out of place, and extend this opinion far beyond the bounds within which it should be limited. As to this branch of the case, it is enough to say that a careful examination of the evidence contained in the record has satisfied us of its sufficiency to sustain the findings of the trial judge, especially in view of the grade and quality of evidence required to establish a right to the relief sought. The findings of the trial court having been affirmed by the General Term and the evidence being sufficient to uphold them, the decision of that court upon the question must be regarded as final.
After most of the evidence had been introduced, and just before it was finally closed, the plaintiffs moved to amend their complaint by inserting an allegation to the effect that through their mistake on one hand, and the fraud of the defendants upon the other, the agreement between the parties was not correctly expressed in the written instrument signed by them. The motion was denied, the court stating that it had no power on the trial to allow the amendment proposed. We deem it *Page 60 
unnecessary to decide the question whether or not the court had power to allow the amendment, as the ruling was harmless and in no way affected any substantial right of the plaintiffs. There is no claim that the purpose of the amendment was to secure the admission of evidence which otherwise would have been excluded. When the motion to amend was made, the plaintiffs' testimony had all been received, except possibly evidence in rebuttal of that offered by the defendants. There is no claim or pretense that any evidence was offered bearing upon the question that was excluded upon the ground of the insufficiency of the complaint. Moreover, the last finding of the court shows that the plaintiffs were given the same benefit of any evidence bearing upon the question of fraud that they would have received if the amendment had been allowed. The appellants seem to have the same view, as they in effect state in their brief that all the testimony which tended to establish fraud upon the part of the defendants was entirely consistent with the theory of a mistake on their part.
Again, before reaching the question whether the alleged omission occurred in any particular manner, the court had to determine whether in fact there was any omission. If there was none, then the question whether there was a mutual mistake, or mistake on one side and fraud upon the other, could never, by any possibility, arise. The court, in this case, found that there was no such omission, and, consequently, the denial of the plaintiffs' application to amend was harmless, and furnishes no reason to disturb the judgment appealed from.
Our attention has been called by the appellants to several rulings upon the admission and rejection of evidence. No reference to the plaintiffs' exceptions to these rulings is deemed necessary, further than to say that all have been examined, and we have found in them no error that would justify a reversal of the judgment.
The judgment should be affirmed, with costs.
All concur.
Judgment affirmed. *Page 61