JULIA SCHMIDT, Respondent, *v.* HELEN S. DAVIDSON and THE FIFTH AVENUE BANK OF NEW YORK, as Executors and Trustees, etc., of FRITZ GEORGE SCHMIDT, Deceased, Appellants.

First Department, June 19, 1940.

*J. W. Edwards* of counsel [*Edwards & Edwards*, attorneys], for the appellants.

*Wm. Walter Frankel*, for the respondent.

TOWNLEY, J. Plaintiff seeks a declaratory judgment. She is the holder of a $30,000 mortgage on premises in New York city. The mortgage was made by defendants' testator to secure the payment under a bond to plaintiff of $1,800 a year in monthly installments of $150 for the rest of her life. These payments have been made for thirty-four years up to and including September, 1939. There was a default in the payments due October 1 and November 1, 1939. On December 5, 1939, plaintiff brought an action to foreclose the mortgage alleging that she was exercising her option under the terms of the mortgage to accelerate payment of the principal. The amount of interest due was tendered with taxable costs and disbursements under the provisions of section 1077-e of the Civil Practice Act. On motion of the defendants the complaint was dismissed. There was no appeal from that judgment. Since then payments have been made as they became due.

The chief point of the prayer for relief in the present suit is a request for a declaration by the court that the principal sum became due upon the exercise of the option and that " upon the termination or modification of the moratorium acts the principal sum of $30,000 under the bond aforesaid shall immediately become payable and payment thereof may then be enforced by plaintiff or the then holder and owner of the aforesaid bond and mortgage." It seems obvious that no court is in a position to determine the rights of the parties to any mortgage as they will be on the termination or modification of the moratorium statutes. What the Legislature may see fit to do in the future is entirely conjectural. It is not the province of the court to say now how these questions shall be resolved then. Such feigned disputes as this are not proper subjects for declaratory judgments. (See *Wardrop Co., Inc.*, v. *Fairfield Gardens, Inc.*, 237 App. Div. 605.)

The whole complaint is an attempt to have a declaration in relation to this mortgage which may make it more marketable and which will make it possible to collect the payments due under the bond as they fall due and in spite of such payments also realize on the collateral. To permit such a result at this time would thwart the whole purpose of the moratorium statute and would in effect nullify the dismissal of the prior foreclosure action.

Certain collateral declarations are also asked for, namely, that the mortgage, given for a release of dower, was duly recorded in 1905, that the release of dower was also recorded, that there were certain defaults in 1939 which continued for more than thirty days, that the bond and mortgage became immediately due by its terms at the option of the plaintiff, that the option was exercised and that the only reason that the plaintiff may not enforce the foreclosure

of the principal is because of the moratorium acts. It is also asserted in the complaint that the original bond and mortgage are lost. None of these matters is the subject of any present dispute. The mortgage and the release of dower are matters of public record. The validity of the mortgage has been acknowledged by interest payments for some thirty-four years and by the foreclosure action. Neither those points nor the effect of the default is the subject of any controversy which could be affected by any declaration made at the present time.

The order should be reversed, with twenty dollars costs and disbursements, and the motion granted.

MARTIN, P. J., O'MALLEY, UNTERMYER and DORE, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion granted.