MARGARET C. IZRASTZOFF, Plaintiff, *v.* RHEA R. TOPPING, as Sole Surviving Executrix of DANIEL G. REID, Deceased, Defendant.

Supreme Court, Special Term, New York County, May 15, 1946.

*William W. Lowell* for plaintiff.

*Orison S. Marden* and *Donald G. Schenck* for defendant.

SHIENTAG, J. This motion involves the interpretation of a separation agreement entered into between the plaintiff and the defendant's testator, the late Daniel G. Reid. The complaint sets forth two causes of action: (1) For a declaratory judgment; (2) in the alternative, for a reformation of the agreement.

In 1919, after nine years of marriage, the plaintiff sued her husband, Daniel G. Reid, for a separation. The suit was discontinued upon the execution of a separation agreement. The agreement provided that Reid should pay the plaintiff $200,000 immediately and the net sum of $30,000 a year for the rest of her life. These payments were to be in lieu of the plaintiff's right of support and any claims which she might have against Reid or his property. The plaintiff agreed to abandon

her suit for separation, and, by supplemental agreement, not to institute suit for divorce on any ground which would reflect on Reid's character. Later in the same year Reid brought suit for divorce and the plaintiff counterclaimed; the result was a judgment of divorce in favor of the plaintiff. The separation agreement was not incorporated or referred to in the decree of divorce. Reid died in 1925 and the payments have since been made by his estate. Reid's daughter, the surviving executrix of the estate, is the defendant in the action.

In 1917, in the case of *Gould* v. *Gould* (245 U. S. 151) the United States Supreme Court had decided that payments of alimony did not constitute income to the recipient and hence were not subject to the Federal income tax so far as the wife was concerned; correspondingly, such payments were not deductible from the husband's income. The same construction was followed with respect to the New York State income tax law which was enacted in 1919 (L. 1919, ch. 627). Thus, until recently, the plaintiff has paid no income tax on the amounts received by her under the separation agreement, while Reid and his estate paid taxes without any deduction for such amounts.

The law as announced in *Gould* v. *Gould* (*supra*) has been altered by amendments to the Federal and State income tax laws effective January 1, 1942, and January 1, 1943, respectively. These amendments which are identical provide as follows: '' In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of, a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband.'' (Internal Revenue Code, § 22, subd. [k]; U. S. Code, tit. 26, § 22, subd. [k]; Tax Law, § 359, subd. 8.)

The tax authorities, Federal and State, have not yet taken a definite position on the question as to whether the amendments above referred to apply to the separation agreement which is the subject of this litigation. The plaintiff is contending before the tax authorities that the payments in question

are not within the amendments because not made under a decree of divorce or separate maintenance or under an instrument incident thereto; the defendant is contending that the payments are within the amendments because they are made under such an instrument.

This court is not being asked to construe the amendments and to determine their applicability to the separation agreement here involved. Obviously, such an interpretation in the first instance, in any event, is for the appropriate tax authorities.

In this suit the plaintiff asks for a declaratory judgment interpreting the provisions of the separation agreement, or for a reformation thereof, to hold the defendant liable for any income tax that might be imposed upon the plaintiff in connection with her receipt of the payments provided for in the agreement. In her first cause of action plaintiff seeks a declaration that the language of the agreement which provides for the annual payment of " the net sum of $30,000 " requires that the defendant discharge any income taxes that may be imposed upon plaintiff by reason of her receipt of the payments. Her second cause of action is for reformation of the separation agreement to make it clear, if it be not already clear, that the defendant has this obligation.

The granting of a declaratory judgment is a matter for the discretion of the court (Rules Civ. Prac., rule 212) and " it is the duty of the judge  *  *  *  to satisfy himself that a useful purpose is served by making the declaration of rights." (Borchard on Declaratory Judgments, p. 289.)

The circumstances of the present case are such that declaratory relief should be denied. If the tax authorities should decide that the amendments to the tax laws above set forth do not apply to the payments received by the plaintiff under the separation agreement in suit, there would be no further litigation necessary concerning the interpretation of that instrument. On the other hand, if the tax authorities should decide, in accordance with the defendant's contentions, that the amendments do apply to payments under the separation agreement, a declaratory judgment interpreting that agreement might become necessary. Even then, the remedy of declaratory judgment might not be appropriate, for the plaintiff could bring an action at law for reimbursement from the defendant of the tax she would be obliged to pay, in which event the interpretation of the separation agreement would be put directly in issue.

The important fact for present purposes is that it cannot now be said with any degree of assurance that the plaintiff will have to pay any taxes on the payments received by her under the agreement of separation. In reality, therefore, so far as the plaintiff's first cause of action is concerned, the court is being asked to rule on a hypothetical question. A declaratory judgment should not be pronounced where there is a strong possibility that it may serve no useful purpose and may have no practical effect. (*James* v. *Alderton Dock Yards*, 256 N. Y. 298; *Somberg* v. *Somberg*, 263 N. Y. 1; Borchard on Declaratory Judgments, p. 29.)

This court, as has been pointed out, is not presented with the problem of construing a tax statute to determine its applicability, a fit subject for a declaratory judgment (*Dun & Bradstreet, Inc.,* v. *City of New York,* 276 N. Y. 198); the applicability of the tax statute is a matter which the parties are taking up with the administrative authorities and, possibly, will eventually ask the courts to consider. Nor is this court presented with a case in which the tax law is clear and only the effect of a private agreement is in doubt. The issue which plaintiff seeks to present in the instant case assumes that the tax is applicable to her and asks the court to declare that the defendant must save the plaintiff from the burden of that tax. Since there is a substantial doubt whether the assumption may ever become an actuality, this court's declaration may well prove to be of no practical significance. Until it is determined that the amendments to the tax laws shift the tax from the estate to the plaintiff, no useful purpose can be served by any declaratory judgment such as is here sought (cf. *Schmidt* v. *Davidson,* 260 App. Div. 148, affd. 284 N. Y. 714; *Wardrop Co., Inc.,* v. *Fairfield Gardens, Inc.,* 237 App. Div. 605).

The court does not, of course, hold that declaratory relief is unavailable in advance of a breach of the agreement. The present case is not merely one in which no wrong has yet been committed, a circumstance which need not bar declaratory relief. Here the occasion for the putative wrong has not yet arisen and may never arise.

As for the second cause of action, plaintiff has not made out a case for reformation. In order to obtain reformation, plaintiff would have to introduce " *clear, positive and convincing evidence* " in support of her position (see *Amend* v. *Hurley,* 293 N. Y. 587, 595; *Christopher St. R. Co.* v. *23d St. R. Co.,* 149 N. Y. 51, 58; *International Photo Rec. Mach.* v. *Microstat Corp.,* 269 App. Div. 485, 489). There is no evidence of

fraud or of mutual mistake of fact. Nor is this a case of the mistaken use of language in reducing an agreement to writing (cf. *Born* v. *Schrenkeisen,* 110 N. Y. 55; *Pitcher* v. *Hennessey,* 48 N. Y. 415). Far from establishing such a case, plaintiff's evidence establishes quite clearly that the words which appear in the document were precisely the words intended. The attorney who represented plaintiff in the drawing of the separation agreement testified on her behalf that in a preliminary draft the clause in question did not contain the word " net " and that it was inserted at his suggestion; that the clause was the subject of discussion in the negotiations, and that the effect of the income tax law was mentioned. On cross-examination, he stated that he and the attorneys representing Reid came to an agreement as to all the material provisions of the arrangement, and that this agreement was " expressed in the document." Plaintiff has failed to establish that the agreement she seeks to reform was cast in its present form by mistake.

The complaint must be dismissed: the first cause of action on the ground that declaratory relief is not appropriate; the second cause of action on the ground that the plaintiff has not presented evidence which would call for reformation of the instrument. The court expresses no opinion as to the proper construction of the instrument, nor upon the subsidiary question as to the admissibility of extrinsic evidence. The dismissal of the second cause of action is on the merits; the dismissal of the first cause of action is without prejudice.

The foregoing constitutes the decision of the court. Settle judgment in accordance therewith.