Charles Marks, J.
This case tried before the court without a jury is based upon the contention that through mutual mistake and inadvertence upon the part of the plaintiff and the defendant, a contract of employment entered into between the plaintiff and the Eastern Region of the Radio Writers Guild contained a discharge clause which was not actually agreed upon between the parties to said employment contract. Plaintiff seeks to have the said contract reformed by amending the discharge clause to show that a discharge may only be for cause, and, as so reformed, plaintiff asks for damages for the alleged illegal and unlawful discharge in the sum of $9,291.57.
In view of the ultimate disposition of this court, it is not necessary to go into the proof with respect to the liability of *249 the Authors League of America, Inc., for any alleged breach of the contract entered into between the plaintiff and the Eastern Region of the Radio Writers Guild. A prior action was commenced by this same plaintiff against this defendant to collect damages for an alleged breach of the same written employment contract which is the basis of this law suit. In that action, the defendant moved for summary judgment and the court (Mr. Justice Arthur Markewich) held that the “defendant was empowered to discharge upon four weeks’ notice and payment of severence pay for any reason.” Motion for summary judgment was granted and that action ended in a judgment on the merits in favor of the defendant dismissing the complaint. The instant action was then commenced to reform the contract of employment as above stated.
The proof required to reform a written instrument is well established by law. In the case of Amend v. Hurley (293 N. Y. 587) the court said (p. 595): “ Before defendant can be granted reformation, he must establish his right to such relief by clear, positive and convincing evidence. Reformation may not be granted upon a probability nor even upon a mere preponderance of evidence, but only upon a certainty of error (Christopher St. R. Co. v. 23d St. R. Co., 149 N. Y. 51; Salmon v. North British & M. Ins. Co., 215 N. Y. 214; Susquehanna S. S. Co. v. Andersen & Co., 239 N. Y. 285; Porter v. Commercial Cas. Ins. Co., 292 N. Y. 176).”
The plaintiff testified that she herself prepared the clause involved and that she submitted the entire contract to the three members of the Eastern Region of the Radio Writers Guild who had been selected to negotiate the contract with the plaintiff, and that they went over it paragraph by paragraph and the only changes suggested by these representatives of the Radio Writers Guild, Eastern Region, were with respect to the compensation to be paid to the plaintiff and the duties to be performed by plaintiff as executive secretary of the Radio Writers Guild, Eastern Region. There was a preliminary draft of the employment contract which was prepared and typed by the plaintiff in which penciled changes were made by the plaintiff. This preliminary draft contained the same discharge clause as eventually appeared in the signed contract of employment. A proposed contract was then prepared and typed by the plaintiff and this proposed contract of employment was the one that was submitted to each member of the committee appointed by the Radio Writers Guild to negotiate the contract with the plaintiff. This proposed contract also contained the same discharge clause as eventually appeared in the con *250 tract of employment that was signed by the parties. The plaintiff seeks reformation of her contract to the extent that she states that it should be amended to provide that her discharge could only be effected for “ cause.” The reason assigned by plaintiff is that there was a mistake on her part in preparing and executing the contract and that there was mistake on the part of the defendant in including the discharge clause. I find that there is a complete absence of any evidence showing that there was any mistake on the part of the Eastern Region of the Radio Writers Guild or any of its officers or other persons empowered to enter into the contract with the plaintiff. The plaintiff had previously been in the employ of the Eastern Region of the Radio Writers Guild as its executive secretary and was familiar with the fact that all staff employees of the Radio Writers Guild had similar discharge clauses in their contracts and, as she testified, she used the same form. The evidence further points clearly to the fact that there was no mistake on the part of the plaintiff in inserting this discharge clause but rather as an afterthought, she realized that it was an error of judgment. In any event, a mistake of only one party who enters into a transaction, does not of itself render a transaction voidable. As was said by Mr. Justice Frank, in Murphy v. Bodinger Co. (112 N. Y. S. 2d 239, 242) in denying reformation: “At best, if indeed there,was a mistake, it was unilateral. A mistake of only one party on which he enters into a transaction does not of itself render the transaction voidable. Restatement of the Law, Contracts, § 503. The signer of an instrument expressive of a jural act, is conclusively bound thereby. That his mind never gave assent to the terms expressed is not material. Wig-more on Evidence, § 2415; Pimpinello v. Swift & Co., 253 N. Y. 159, at pages 162 and 163, 170 N. E. 530 at page 531; Angerosa v. White Company, 248 App. Div. 425, at page 429, 190 N. Y. S. 204 at page 211. The contract is unambiguous and unequivocal in its language and meaning. To hold that a contracting party who fails to read it properly may establish and enforce the contract as understood, assumed or interpreted by him would introduce into the law a dangerous doctrine. Metzger v. Aetna Life Ins. Co., 227 N. Y. 411, at page 415, 125 N. E. 814, at page 816.”
The contention of the plaintiff that her decision was ineffective for lack of authorization by the guild counsel is without merit. Although not specifically mentioned in the decision of the court in the prior action dismissing the complaint, that issue was part of that case and whether or not that question was specifically pointed out, the judgment in the prior action is res judicata; *251 and therefore cannot be raised as an issue in this action (see Abrams v. Macy Park Constr. Co., 282 App. Div. 922).
Accordingly, judgment is found in favor of the defendant dismissing the complaint on the merits. Findings of fact and conclusions of law having been waived, this constitutes the decision of the court.