OCHEO REALTY CORPORATION, Appellant, *v.* SEV REALTY CORPORATION, Respondent.

First Department, May 4, 1923.

**Equity** — written agreement was entered into simultaneously with lease to effect that lease was subject to consent of owner which lessee agreed to secure — agreement will not be reformed at instance of lessee to provide that if consent were not secured rent should be apportioned between lessee and landlord — when written agreement will be reformed on ground of mistake.

An agreement entered into between the lessee and its sublessee simultaneously with the execution of the sublease, which provides " That the said aforementioned lease shall be subject to the signing by " the landlord " of the consent hereto attached " and that the lessee will obtain such consent, will not be reformed by inserting a provision alleged to have been inadvertently omitted, to the effect that in case consent were not obtained the rent under the sublease should be apportioned between the lessee and the landlord, where it appears that the agreement was very short, that it was dictated in the presence and hearing of all the parties and their attorneys, and that it contains no ambiguity or anything to suggest any omission, and where the lessee and his counsel both denied that there was any other or alternative agreement to that expressed in the contract referred to.

To justify the court in changing the language of an instrument sought to be reformed on the ground of mistake, it must be established that both parties agreed to something different from what is expressed in the writing and the proof on this point should be so clear and convincing as to leave no room for doubt.

Appeal by the plaintiff, Ocheo Realty Corporation, from an interlocutory judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 28th day of July, 1922, upon the decision of the court rendered after a separate trial of an equitable counterclaim, adjudging that the defendant is entitled to the reformation of a certain written agreement between the parties.

*A. Henry Brill* [*Alfred M. Bailey* of counsel; *James A. Dayton* with him on the brief], for the appellant.

*House, Grossman & Vorhaus* [*Louis J. Vorhaus* of counsel; *Joseph Fischer* with him on the brief], for the respondent.

Page, J.:

George Ehret is the owner of certain premises in the borough of Manhattan which were leased to the defendant for a term of twenty-one years. On October 1, 1921, the plaintiff and defendant entered into a written agreement wherein the plaintiff agreed to hire, and the defendant agreed to let, the premises for a certain period of time and upon the terms and conditions therein specified. Simultaneously with the execution of the lease the plaintiff and defendant entered into a separate written agreement which provided that the taking effect of the lease should be dependent upon the defendant's securing the written consent of George Ehret to the sublease between the plaintiff and defendant, which the defendant agreed to obtain within thirty days. The defendant failed to obtain the consent of George Ehret. Plaintiff thereupon brought this action to recover the $15,000 deposited with the defendant as security for the payment of the rent and the faithful performance of all the covenants, agreements and conditions of the lease.

The answer contains a third counterclaim which was in equity for the reformation of the agreement between the plaintiff and defendant to make it conform to the understanding of the parties at the time that it should also provide that George Ehret should consent to accept from the plaintiff the rent reserved in his lease from defendant, and that if defendant was unable to obtain such consent, the rent payable by plaintiff to the defendant should be deposited with the Commercial Trust Company to be by it apportioned, so that it would pay to Ehret the rent due to him from the defendant, paying the balance to the defendant; or in the alternative, as defendant might elect, the plaintiff should have

First Department, May, 1923. [Vol. 205

the right itself to apportion its rent payments between Ehret and defendant.

It is alleged that these provisions were inadvertently omitted by the draftsman, and the agreement was executed by the defendant without apprehending or understanding that it might be construed as embodying the entire agreement of the parties and excluding proof of so much of the agreement as was not embodied in the writing; and judgment was demanded reforming the agreement.

The issues raised by this counterclaim and the reply thereto were ordered to be first tried, and resulted in an interlocutory judgment fully granting the relief the defendant demanded.

While there is some controversy as to who dictated the agreement, there is no question but that it was dictated in the presence and hearing of all the parties and their attorneys. It was a very short instrument. Omitting the formal beginning and recitals and the testimonium clause, it read: " It is agreed: *First:* That the said aforementioned lease shall be subject to the signing by the said George Ehret of the consent hereto attached, and the said Sev Realty Corporation agrees to obtain such consent within thirty (30) days hereof. *Second:* It is further agreed that all rents, taxes, insurance, water rents and all other charges against the property shall be apportioned and adjusted as of October 1st, 1921."

The consent attached read: " The undersigned, George Ehret consents to a sub-lease between Sev Realty Corporation, as landlord, and Ocheo Realty Corporation, as tenant, from October 1st, 1921, of the premises demised by the undersigned to the said Sev Realty Corporation, located at 38th and 39th Street and First Avenue, in the Borough of Manhattan, City of New York, by lease dated May 6th, 1920, and consents to accept the rent reserved in said lease of May 6th, 1920, from the said Ocheo Realty Corporation, such acceptance of rent to be without prejudice to any of the rights of the undersigned under said lease."

This is a simple contract definitely and succintly expressed. It is complete in its terms. In it are no ambiguities and nothing to suggest omissions, or that it is other than what it purports to be, the final written agreement embracing the whole engagement of the parties and containing the full extent and manner of their undertaking. In such a case all prior and contemporaneous negotiations and oral promises are conclusively presumed to be merged in the written contract. The rule is the same in law and equity. It is undoubtedly true that if the parties have arrived at an agreement, and the scrivener, by mistake, fails to express in appropriate language the actual agreement of the parties, equity will reform the instrument to conform it to the real contract as made,

and parol evidence may be received to prove what the contract actually was upon which the minds of the parties met. But to justify the court in changing the language of the instrument sought to be reformed on the ground of mistake, it must be established that both parties agreed to something different from what is expressed in the writing, and the proof upon this point should be so clear and convincing as to leave no room for doubt. (*Halbe* v. *Adams, No. 1,* 176 App. Div. 588, 593; *Mead* v. *Westchester Fire Ins. Co.,* 64 N. Y. 453, 455.) Chancellor KENT said: " The cases concur in the strictness and difficulty of the proof, but still they all admit it to be competent, and the only question is, Does it satisfy the mind of the court? Lord HARDWICKE said it must be proper proof, and the strongest proof possible; and Lord THURLOW that it must be strong, irrefragable proof; and, he said, the difficulty of the proof was so great that there was no instance of its prevailing against a party insisting that there is no mistake." (*Gillespie* v. *Moon,* 2 Johns. Ch. 597.)

In Pomeroy's Equity Jurisprudence (4th ed. § 859) it is thus stated: " The authorities all require that the parol evidence of the mistake and the alleged modification must be most clear and convincing — in the language of some judges ' the strongest possible,' or else the mistake must be admitted by the opposite party; the resulting proof must be established beyond a reasonable doubt. Courts of equity do not grant the high remedy of reformation upon a probability, nor even upon a mere preponderance, but only upon a certainty of the error." (See, also, *Christopher St. R. R. Co.* v. *Twenty-third St. R. Co.,* 149 N. Y. 51, 58; *Southard* v. *Curley,* 134 id. 148.)

In the instant case the president of the plaintiff and its counsel both denied that there was any other or alternative agreement to that expressed in the contract. It is difficult to believe that so important a modification of the short and clearly expressed agreement that was signed should have been by all those present presumed to have been incorporated in it. The defendant, in my opinion, failed to establish that anything was omitted by mistake, and the counterclaim should have been dismissed.

The interlocutory judgment should be reversed, with costs, and an interlocutory judgment granted in favor of the plaintiff, dismissing the third counterclaim, with costs.

DOWLING, P. J., MERRELL and FINCH, JJ., concur.

Judgment reversed, with costs, and interlocutory judgment granted in favor of the plaintiff, dismissing the third counterclaim, with costs. Settle order on notice.