Second Department, June, 1972

(June 21, 1972)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT UPCHURCH et al., by CAESAR CIRIGLIANO, Petitioner, v. HARRY GITTLESON, as Justice of the Supreme Court, County of Kings, Respondent.— Proceeding pursuant to CPLR article 78 to compel respondent, a Justice of the Supreme Court, Kings County, to perform certain judicial acts, namely, to issue four writs of habeas corpus, one each for four relators. The proposed writs were dated May 22, 1972 and contained provisions which would have directed production of relators in the Supreme Court, Kings County, on May 24, 1972 at 10:00 A.M. Application denied and proceeding dismissed, without costs. Relators were in the custody of the Warden of the Brooklyn House of Detention on respective felony commitments issued by the Criminal Court of the City of New York to await Grand Jury action. The commitments were not annexed to the petitions for the writs, although required to be by CPLR 7002 (subd. [c], par. 1), and no reason was given for their absence. This application being in the nature of mandamus, a clear legal right to the relief sought must be shown (*Matter of Grand Jury Assn. of N. Y. County v. Schweitzer*, 11 A D 2d 761). Further, the application is an extraordinary remedy the granting of which is to a great extent discretionary. Courts are chary to grant it if it might cause public disorder (*Matter of Andresen v. Rice*, 277 N. Y. 271, 282). In our opinion respondent was justified in refusing to issue the writs because (1) they were not necessary for protection of the relators' rights, since respondent stated he would sign an order to show cause returnable the following morning as to why the relators should not be released from custody; (2) if on the return of such order to show cause it appeared that the personal appearance of any of the relators was necessary for a determination of his right to be released from custody, arrangements could then be made for his expeditious court appearance; and (3) relators' rights and remedies were not and will not be prejudiced by respondent's suggested procedure (cf. CPLR 7003, subd. [a]; *Walker v. Johnston*, 312 U. S. 275, 284). Moreover, as a secondary reason for our discretionary dismissal of this application, we note the defect in the petitions for the writs, under CPLR 7002 (subd. [c], par. 1). Rabin, P. J., Hopkins, Munder, Martuscello and Latham, JJ., concur.