■ KATHERINE GOODISON, Respondent, v JAMES A. GOODISON, Appellant.—Appeal from a judgment of the Supreme Court in favor of plaintiff for amounts due pursuant to the separation agreement, entered September 20, 1977 in Broome County, upon a decision of the court at a Trial Term, without a jury. On June 1, 1976, defendant and plaintiff executed a separation agreement which provided for the payment of $30 per week by appellant for each of their two children, the sum of $250 for counsel fees, and the payment by appellant for 50% of the electric bill for six months at the parties' apartment. After a trial, without a jury, for amounts due under the agreement, the trial court rendered a decision awarding plaintiff each of the items requested in the complaint. Defendant contends that he did not execute the separation agreement voluntarily, but rather under duress, coercion and by fraudulent misrepresentation of plaintiff and her attorney, and that he was not represented by an attorney, and his legal rights were

compromised and, therefore, the agreement should be rescinded. The separation agreement was prepared by plaintiff's attorney and was signed in his office. Defendant contends that he did not understand the terms of the agreement, and that he was misled by plaintiff's attorney that after the execution of the agreement the amount of support required could be modified by the Family Court. Defendant executed the separation agreement freely and absent any duress or undue influence. The agreement's pertinent provisions are clear and unambiguous. By his signature, he affirmed that he read the agreement, and the testimony is unquestioned that he read or was provided the opportunity to read the agreement prior to signing. He was well aware that the agreement had been prepared by his wife's attorney and that that attorney represented only his wife. The agreement which he signed also advised him that the written agreement was the entire agreement and there were no representations or promises other than contained in the agreement. Defendant's testimony that he was misinformed was denied by plaintiff's attorney. Where two parties, with knowledge of the facts or without any inequitable conduct, have executed an agreement, that agreement should be upheld despite one of the parties being mistaken as to its legal consequence. The language adopted by the parties must be construed according to its legal effect and not in accordance with an alleged misapprehension or ignorance of a lawyer. The power of the court to order rescission is an exceptional one and should not be exercised unless justified by some such element as fraud, accident, or mistake, and then only when such element is clearly evident *(Interstate Chem. Corp. v Duke,* 92 Misc 519, affd 176 App Div 684, affd 226 NY 610; cf. *Ocheo Realty Corp. v Sev Realty Corp.,* 205 App Div 324). Judgment affirmed, without costs. Kane, Staley, Jr., and Herlihy, JJ., concur.

Mahoney, P. J. and Sweeney, J., dissent and vote to reverse in the following memorandum by Mahoney, P. J. Mahoney, P. J. (dissenting). We dissent. In our view, the separation agreement herein should have been set aside under the principles recently enunciated by the Court of Appeals in *Christian v Christian* (42 NY2d 63). The court noted that "Agreements between spouses, unlike ordinary business contracts, involve a fiduciary relationship requiring the utmost good faith", that there is "strict surveillance" of separation agreements and that "Equity is so zealous in this respect that a separation agreement may be set aside on grounds that would be insufficient to vitiate an ordinary contract" (p 72, citations omitted). The standard to be applied in reviewing separation agreements was stated as follows: "To warrant equity's intervention, no actual fraud need be shown, for relief will be granted if the settlement is manifestly unfair to a spouse because of the other's overreaching * * * In determining whether a separation agreement is invalid, courts may look at the terms of the agreement to see if there is an inference, or even a negative inference, of overreaching in its execution" (pp 72-73). Here, the agreement, which was drafted by plaintiff's attorney, requires defendant to pay $60 per week in child support payments when his net weekly pay is only $80. Defendant, who was not represented by counsel, had previously indicated to his wife that if he could, he would pay the $60, which she told him she needed for their two children, and prior to executing the agreement he asked plaintiff's attorney what would happen if he could not make the payments. The attorney's response, while concededly made with a good faith effort to be accurate, constituted advice which was confusing and may well have misled defendant. The foregoing factors establish overreaching in the execution of the separation agreement and, accordingly, the agreement should be rescinded *(Christian v*

*Christian, supra; Stern v Stern,* 63 AD2d 700). The judgment, therefore, should be reversed and the complaint dismissed.