■ SHIRLEY RAPHAEL, as Executrix of ARTHUR RAPHAEL, Deceased, Plaintiff, v BOOTH MEMORIAL HOSPITAL, Defendant and Third-Party Plaintiff. FRANKLIN GENERAL HOSPITAL et al., Third-Party Defendants. (Action No. 1.) SHIRLEY RAPHAEL, as Executrix of ARTHUR RAPHAEL, Deceased, Respondent, v BELLA APPLEMAN et al., Appellants. (Action No. 2.)—Appeal by the defendants in Action No. 2, as limited by their brief, from so much of an order of the Supreme Court, Nassau County, dated June 1, 1978, as granted the branches of plaintiff's cross motion which sought to (1) rescind a stipulation of settlement entered into between the parties and (2) restore the action to the Trial Calendar. Order reversed insofar as appealed from, on the law, and said branches of the cross motion denied, with $50 costs and disbursements. Plaintiff commenced two actions, each seeking damages for the wrongful death and conscious pain and suffering of Arthur Raphael, who died following an automobile accident which occurred in October, 1967. In Action No. 1, Booth Memorial Hospital (the hospital), where the decedent was examined following the accident, was named as defendant. Bella and Jack Appleman, who occupied another automobile involved in the accident, were named as defendants in Action No. 2. On November 30, 1976, after the

trial of Action No. 2 was commenced, that action was settled for a sum of $3,500, and the stipulation was read into the record. Thereafter, the hospital applied for and was granted leave to serve an amended complaint raising as a partial or complete affirmative defense the settlement of Action No. 2. When the hospital learned that plaintiff was seeking to disavow the settlement, it moved to consolidate the two actions. Plaintiff cross-moved for an order (1) rescinding the settlement on the ground of "mutual mistake", (2) restoring Action No. 2 to the Trial Calendar, and (3) denying consolidation of the two actions. The supporting affidavit of plaintiff averred that the interposition by the hospital of the affirmative defense relating to the settlement had "changed the entire situation * * * and this change was not contemplated at the time your deponent accepted the APPLEMAN offer to settle." It was asserted that in view of the settlement, the affirmative defense could limit plaintiff's recovery of damages under the terms of section 15-108 of the General Obligations Law. Special Term, in an order dated June 1, 1978, denied the hospital's motion to consolidate but ordered that the two actions be jointly tried. In another order of the same date, which is presently before this court on appeal, Special Term, *inter alia,* granted plaintiff's cross motion to rescind the settlement and ordered Action No. 2 restored to the Trial Calendar. The stipulation of settlement, which was definite and complete on its face, and spread upon the record in open court, constituted a valid and binding contract between plaintiff and the Applemans (see CPLR 2104; *Fuchs v Fuchs,* 65 AD2d 595). Accordingly, the settlement could be set aside on equitable grounds only by way of a plenary suit (see *Kraft v Vassilaros & Sons,* 43 AD2d 972). It was improper for Special Term to rescind the settlement upon plaintiff's cross motion to restore the action *(id.).* In any event, plaintiff failed to allege any facts which would warrant vacatur of the settlement. The doctrine of mutual mistake affords equitable relief only where the parties were mistaken as to facts *existing* at the time the contract was entered into (see Restatement, Contracts, § 502). Equity will not relieve a party of its obligations under a contract merely because subsequently, with the benefit of hindsight, it appears to have been a bad bargain (see, e.g., *Brubrad Co. v United States Postal Serv.,* 404 F Supp 691, affd 538 F2d 308). Moreover, the situation encountered by plaintiff was one envisioned by the drafters of section 15-108 of the General Obligations Law, which was enacted in order to promote settlements in tort cases involving multiple defendants (see McLaughlin, Practice Commentaries, MCKinney's Cons Laws of NY, Book 23A, General Obligations Law, § 15-108, p 717). Plaintiff offers no reason why the statute should not be applied to her case. Mollen, P. J., Suozzi, Rabin and Martuscello, JJ., concur.