## SECOND DEPARTMENT, DECEMBER, 1983

### (December 5, 1983)

■ BIRCHWOOD TOWERS #1 ASSOCIATES, Appellant-Respondent, v ARTHUR HABER et al., Respondents-Appellants. — In a holdover proceeding to recover possession of an apartment, Birchwood Towers #1 Associates appeals (by permission) and Arthur Haber and Jean Haber cross-appeal (by permission) from an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated August 5, 1982, which reversed an order of the Civil Court, Queens County (Harbater, J.), dated October 28, 1981, which, *inter alia,* denied Arthur and Jean Haber's motion to vacate a stipulation of settlement awarding possession of the premises to Birchwood Towers #1 Associates, and granted the Habers' motion to vacate the stipulation of settlement. Cross appeal dismissed, without costs or disbursements. The Habers are not aggrieved by the order appealed from (CPLR 5511). On Birchwood Towers #1 Associates' appeal, order reversed, on the law, without costs or disbursements, and the order of the Civil Court, Queens County, dated October 28, 1981, reinstated insofar as it denied the Habers' motion to vacate the stipulation of settlement. The stay of issuance of the warrant of eviction is

extended until 60 days after service upon the Habers of a copy of the order to be made hereon, with notice of entry, upon condition that the Habers continue to comply with all the conditions set forth in the parties' stipulation of settlement. Birchwood Towers #1 Associates (the landlord) was the sponsor of a plan for the co-operative conversion of its building located in Forest Hills, New York, in which the Habers occupy an apartment. The plan was accepted for filing by the Attorney-General on or about June 19, 1979, and it was subsequently declared effective on or about February 15, 1980. The plan provided that tenants who qualified as "Eligible Senior Citizens" could remain in possession of their apartments as nonpurchasing tenants subject to certain conditions. The then applicable law defined, in pertinent part, senior citizens eligible for an exemption from purchasing their apartment as follows: "Nonpurchasing tenants who are sixty-two years of age or older on the date the attorney general has accepted the plan for filing and the spouses of any such tenants, on such date, who have resided in the building * * * as their primary residence for at least two years prior to the date the attorney general has accepted the plan for filing, who have an annual income of less than thirty thousand dollars and who have elected, within ninety days of the date the attorney general has accepted the plan for filing * * * to become non-purchasing tenants under the provisions of this section" (General Business Law, former § 352-eeee, subd 1, par [e]; L 1979, ch 432, § 2). "Annual income" was defined as follows: "The combined income from all sources of all tenants of the dwelling unit for the income tax year immediately preceding the year in which the plan is accepted for filing by the attorney general. Income tax year shall mean the twelve month period for which the tenant or tenants filed a federal personal income tax return or, if no such return is filed, the calendar year" (General Business Law, former § 352-eeee, subd 1, par [d]; L 1979, ch 432, § 2).*
On or about August 23, 1979, the Habers submitted to the landlord a request for a senior citizen exemption from the co-operative plan. On or about October 27, 1980, the landlord advised the Habers that they were not entitled to a senior citizen exemption because their income exceeded the statutory limit of $30,000 for such eligibility. It was the landlord's contention that, while the Haber's taxable income for 1978 was less than $30,000, with the inclusion of Social Security benefits, the Habers' income from all sources exceeded $30,000. In December of 1980, petitioner commenced the instant holdover proceeding against respondents in the Civil Court, Queens County. On or about January 12, 1981, the parties, represented by independent counsel, entered into a stipulation of settlement, so ordered by the court, which provided, *inter alia,* that a final judgment of possession was to be entered in favor of petitioner against respondents, with the issuance of a warrant of eviction stayed until October 31, 1981. Thereafter, in October of 1981, the Habers moved to vacate the stipulation and order of settlement, which motion was denied by the Civil Court, Queens County. On appeal, the Appellate Term reversed the order of the Civil Court, Queens County, and granted the Habers' motion, stating that the stipulation should be vacated based upon the mistaken determination by the parties that the Habers were not eligible senior citizens because their receipt of Social Security benefits placed them above the $30,000 income limitation. We disagree with the Appellate Term's determination and, accordingly, reverse its order and deny the Habers' motion to set aside the stipulation

---

* Effective June 30, 1980, former section 352-eeee of the General Business Law (L 1979, ch 432, § 2) was amended to provide, *inter alia,* an increase in the income limitation to $50,000 (L 1980, ch 754, § 2). Effective July 21, 1982, former section 352-eeee of the General Business Law was repealed and replaced with a new section deleting, *inter alia,* the income limitation (L 1982, ch 555, § 2). However, the 1979 statute governs all times relevant to this proceeding (L 1980, ch 754, §·4; L 1982, ch 555, § 10).

of settlement. At the time that the parties entered into the stipulation of settlement, there was no authoritative court decision governing the issue of whether Social Security benefits were includable as income pursuant to former section 352-eeee of the General Business Law (L 1979, ch 432, § 2). Since the parties were represented by independent counsel, were aware of the relevant facts, and had the opportunity to explore the law on the subject, we conclude that there is no basis for relieving the Habers from the stipulation on the ground of mistake (see *Mercury Mach. Importing Corp. v City of New York,* 3 NY2d 418, mot for rearg den 3 NY2d 942; *Goodison v Goodison,* 66 AD2d 923, affd 48 NY2d 786; *Raphael v Booth Mem. Hosp.,* 67 AD2d 702). Damiani, J. P., Titone, Mangano and Boyers, JJ., concur.

---

[*] Effective June 30, 1980, former section 352-eeee of the General Business Law (L 1979, ch 432, § 2) was amended to provide, *inter alia,* an increase in the income limitation to $50,000 (L 1980, ch 754, § 2). Effective July 21, 1982, former section 352-eeee of the General Business Law was repealed and replaced with a new section deleting, *inter alia,* the income limitation (L 1982, ch 555, § 2). However, the 1979 statute governs