■ BIRCHWOOD TOWERS #2 ASSOCIATES, Appellant, v ARTHUR SCHWARTZ et al., Respondents. — In a holdover proceeding to recover possession of an apartment, petitioner appeals (by permission) from an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated August 5, 1982, which reversed an order of the Civil Court, Queens County (Harbater, J.), dated November 12, 1981, which, *inter alia,* denied respondents' motion to vacate a stipulation of settlement awarding possession of the premises to petitioner, and granted respondents' motion. Order reversed, on the law, without costs or disbursements, and order of the Civil Court, Queens County, dated November 12, 1981, reinstated insofar as it denied respondents' motion. The stay of issuance of the warrant of eviction is extended until 60 days after service upon respondents of a copy of the order to be made hereon, with notice of entry, upon condition that said respondents continue to comply with all the conditions set forth in the parties' stipulation of settlement. Petitioner landlord was the sponsor of a plan for the co-operative conversion of its building located in Forest Hills, New York, in which respondents tenants occupy an apartment. The plan was accepted for filing by the Attorney-General on or about June 19, 1979, and it was subsequently declared effective on or about February 15, 1980. Thereafter, respondents submitted to petitioner a request for a senior citizen exemption from the co-operative plan. The then applicable law provided that tenants who qualified as "Eligible Senior Citizens" could remain in possession of their apartments as nonpurchasing tenants subject to certain conditions (see General Business Law, former § 352-eeee; L 1979, ch 432, § 2). Senior citizens eligible for an exemption were defined, as follows: "Non-purchasing tenants who are sixty-two years of age or older on the date the attorney general has accepted the plan for filing and the spouses of any such tenants, on such date, who have resided in the building * * * as their primary residence for at least two years prior to the date the attorney general has accepted the plan for filing, who have an annual income of less than thirty thousand dollars and who have elected, within ninety days of the date the attorney general has accepted the plan for filing * * * to become non-purchasing tenants under the provisions of this section" (General Business Law, former § 352-eeee, subd 1, par [e]; L 1979, ch 432, § 2). "Annual income" was defined as follows: "The combined income from all sources of all tenants of the dwelling unit for the income tax year immediately preceding the year in which the plan is accepted for filing by the attorney general. Income tax year shall mean the twelve month period for which the tenant or tenants filed a federal personal income tax return or, if no such return is filed, the calendar year" (General Business Law, former § 352-eeee, subd 1, par [d]; L 1979, ch 432, § 2).*

* Effective June 30, 1980, former section 352-eeee of the General Business Law (L 1979, ch 432, § 2) was amended to provide, *inter alia,* an increase in the income limitation to $50,000 (L 1980, ch 754, § 2). Effective July 21, 1982, former section 352-eeee of the General Business Law was repealed and replaced with a new section deleting, *inter alia,* the income limitation (L 1982, ch 555, § 2). However, the 1979 statute governs

Thereafter, petitioner advised respondents that they were not entitled to a senior citizen exemption because their income, including Social Security benefits, exceeded the statutory limit of $30,000 for such eligibility. In December of 1980, petitioner commenced the instant holdover proceeding against respondents in the Civil Court, Queens County. On or about January 12, 1981, the parties, represented by independent counsel, entered into a stipulation of settlement, so ordered by the court, which provided, *inter alia,* that a final judgment of possession was to be entered in favor of petitioner against respondents, with the issuance of a warrant of eviction stayed until October 31, 1981. In October of 1981, respondents moved to vacate the stipulation and order of settlement, but that motion was denied. On appeal, the Appellate Term reversed the order of the Civil Court, Queens County and granted respondents' motion, stating that "[i]t appears that the parties entered into the stipulation based upon an erroneous determination by [petitioner] that [respondents] were not entitled to a senior citizen exemption. Both parties assumed that social security payments are includable in determining a tenants' income for purposes of senior citizen eligibility. Under these circumstances, the stipulation should be vacated upon the grounds of mutual mistake". We disagree with the Appellate Term's determination and, accordingly, reverse its order and deny respondents' motion. We find that there is no basis for relieving respondents from the stipulation on the ground of mistake (see *Birchwood Towers #1 Assoc. v Haber,* 98 AD2d 697, and the cases cited therein). Moreover, the pleading infirmities in the petition which commenced the holdover proceeding do not constitute a basis for vacatur of the parties' stipulation. Respondents' contention that such defects render the proceeding jurisdictionally defective is without merit. As noted by the court in *Jackson v New York City Housing Auth.* (88 Misc 2d 121, 122): "[W]e call the attention of the bar to the loose usage of the terms 'jurisdictional defect' or 'jurisdictionally defective' in summary proceedings. Where, as here, the Civil Court has jurisdiction of the subject of the proceedings under article 7 of the Real Property Actions and Proceedings Law and jurisdiction of the person of the respondent has been obtained as provided by law, the proceeding is not 'jurisdictionally defective' (*Rosgro Realty Co. v Braynen,* 70 Misc 2d 808, affd *sub nom. Grosfeld v Braynen,* 41 AD2d 605; *Caton Park Assoc. v Mahoney,* NYLJ, May 11, 1976, p 8, col 3). A petition in a summary proceeding is no different than a pleading in any other type of civil case. A petition which may fail to state facts sufficient to constitute a cause of action or contains other pleading infirmities is capable of correction by amendment. Such a petition does not render the proceeding jurisdictionally defective". (See, also, *Libe v Carles,* 47 AD2d 815; *Hill v Wek Capital Corp.,* 4 AD2d 615; *Gouveia v Kershaw,* 85 Misc 2d 344; cf. *Lacks v Lacks,* 41 NY2d 71, mot for rearg den 41 NY2d 862.) We are cognizant of such decisions as *Post v Reynolds* (101 Misc 2d 504); *Fisch v Chason* (99 Misc 2d 1089); *Sapphire Hotel Corp. v Netzick* (82 Misc 2d 95); *Giannini v Stuart* (6 AD2d 418); and *Stier v President Hotel* (28 AD2d 795). "These cases exemplify an improper use of the term jurisdiction" (*Thrasher v United States Liab. Ins. Co.,* 19 NY2d 159, 166) and insofar as they are inconsistent herewith, we decline to follow them. Finally, we note that respondents have failed to set forth sufficient facts to require vacatur of the stipulation upon the ground of allegedly fraudulent misrepresentations by petitioner with regard to its compliance with the Rent Stabilization Law (cf. *Matter of Matinzi v Joy,* 60 NY2d 835). Damiani, J. P., Titone, Mangano and Boyers, JJ., concur.

all times relevant to this proceeding (L 1980, ch 754, § 4; L 1982, ch 555, § 10).