OPINION OF THE COURT
Per Curiam.
Final judgment entered October 9, 1984 affirmed, with $25 costs.
We affirm the dismissal, with prejudice, of the holdover petition, but for reasons different than those stated below. At the close of the evidence, Civil Court dismissed the proceeding on the ground that petitioner failed to prove that a proper registration statement for the subject "interim multiple dwelling” premises (see, Multiple Dwelling Law art 7-C) was on file at the time of commencement of the proceeding (citing 22 NYCRR 2900.21 [f]; Administrative Code of City of New York § D26-41.21 [b]). We disagree and conclude that dismissal for this reason was unwarranted under circumstances where the petitioner presented proof, months before the conclusion of trial, that the building premises had been registered with the Loft Board (albeit after service of the petition), and where both parties before the court conceded the building's status as an interim multiple dwelling (Rosgro Realty v Braynen, 70 Misc 2d 808, ajfd sub nom. Grosfeld v Braynen, 41 AD2d 605; see also, Jackson v New York City Hous. Auth., 88 Misc 2d 121).
Nonetheless, our examination of the trial record persuades us that the petition must be dismissed, on the merits. Tenant entered into possession on December 1, 1980 under a standard form commercial loft lease, which was renewed for two years commencing December 1, 1982. In December 1983, petitioner purported to exercise an option to cancel pursuant to a buy-out provision contained in the original 1980 lease, as renewed. That provision is rendered unenforceable by subdivision (12) of section 286 of the Multiple Dwelling Law, which provides: "No waiver of rights pursuant to this article [art 7-C] by a residential occupant qualified for protection pursuant to this article made prior to the effective date of the act which added this article [June 21, 1982] shall be accorded any force or effect; however, subsequent to the effective date an owner and a residential occupant may agree to the purchase by the *1047 owner of such person’s rights in a unit”. The buy-out agreement negotiated by the parties in 1980, having been made prior to June 21, 1982, is of no "force or effect” under the above-quoted statute. It is true that the lease was renewed subsequent to June 21, 1982, but the legal effect of the renewal was simply to prolong the original lease for a further period; the parties hold, not under any contract by virtue of the renewal, but by virtue of the original lease (1 Rasch, New York Landlord & Tenant — Summary Proceedings § 342, at 433 [2d ed]). Thus, there was no agreement between the parties, bargained for after June 21, 1982, with respect to the petitioner’s purchase of tenant’s rights in the premises, as contemplated by Multiple Dwelling Law § 286 (12).
Hughes, P. J., Riccobono and Sandifer, JJ., concur.