■ MARIA VARVERIS, Appellant, v ABROM FISHER et al., Defendants, and DAVID FERGUSON et al., Respondents. [645 NYS2d 853] —In an action to foreclose a mortgage on real property, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Winick, J.), dated July 17, 1995, which granted the motion of the defendants David Ferguson and Patricia Emma Ferguson to vacate a judgment of foreclosure and sale dated October 1, 1990, as amended by order dated December 12, 1990, and in effect vacated a stipulation entered into by the plaintiff and the respondents and (2) so much of an order of the same court, dated October 16, 1995, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated July 17, 1995, is dismissed as that order was superseded by the order dated October 16, 1995, made upon reargument; and it is further,

Ordered that the order dated October 16, 1995, is reversed insofar as appealed from, on the law, the order dated July 17, 1995, is vacated, and the matter is remitted to the Supreme Court, Nassau County, to allow the plaintiff to enforce the stipulation of settlement which contains a foreclosure provision; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

Contrary to the Supreme Court's determination, a stipula-

574

tion of settlement remains enforceable despite a mistake of law. A stipulation is essentially a contract and may be enforced as such *(see, New York Bank for Sav. v Howard Cortlandt St.,* 106 AD2d 496).* Where, as here, there is an oral stipulation made in open court, it is valid and binding and will not be set aside on facts less than needed to avoid a contract, e.g., fraud, collusion, mistake of fact, accident, or some other ground of similar nature *(see, Hallock v State of New York,* 64 NY2d 224; *Matter of O'Garro v New York State Dept. of Mental Hygiene,* 46 NY2d 853; *Matter of Dolgin Eldert Corp.,* 31 NY2d 1; *Lazich v Vittoria & Parker,* 196 AD2d 526, 527-528; *Rivera v Triple M. Roofing Corp.,* 116 AD2d 561).

Here, the stipulation of the parties provides that the appellant may foreclose the mortgage if the respondents default on their payment obligations. While the Supreme Court found that the stipulation failed in the absence of adequate consideration, the court improperly made that determination based on a finding that the respondents made a "mistake of law". Specifically the respondents alleged that, at the time of the stipulation, they were unaware of their ability to oppose the foreclosure action based on the appellant's failure to seek a deficiency judgment in connection with the prior foreclosure of a mortgage on a different parcel of property securing the same loan. However, assuming arguendo, that such a claim is valid, "a mistake as to the law is insufficient grounds" for vacating a stipulation (105 NY Jur 2d, Trial, § 268, at 236, citing *Birchwood Towers #2 Assocs. v Schwartz,* 98 AD2d 699, and *Birchwood Towers #1 Assocs. v Haber,* 98 AD2d 697; *see also, Mercury Mach. Importing Corp. v City of New York,* 3 NY2d 418; *Goodison v Goodison,* 66 AD2d 923, *affd* 48 NY2d 786; *Raphael v Booth Mem. Hosp.,* 67 AD2d 702). Accordingly, the mistake of law made by the respondents does not render the stipulation invalid. Bracken, J. P., Miller, Copertino and Krausman, JJ., concur.